Argued and submitted October 15, affirmed November 12, 1987

KILIAN et al,
*Respondents,*

*v.*

CITY OF WEST LINN,
*Respondent below,*
*and*

WILLIAM SNELL CONSTRUCTION COMPANY,
*Petitioner.*

(LUBA 87-032; CA A45695)

744 P2d 1314

Thomas Craig Thetford, Salem, argued the cause for petitioner. With him on the brief was Eckley & Associates, P.C., Salem.

A. Gregory McKenzie, Oregon City, argued the cause for respondents. With him on the brief was Canning, Tait & McKenzie, P.C., Oregon City.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner William Snell Construction Company (Snell) seeks review of LUBA's reversal of the City of West Linn's approval of its application for a minor partition and lot line adjustment pursuant to ORS 92.010 to ORS 92.190. Snell is the owner of one of five parcels that J.W. and J.B. Kosta unlawfully conveyed from their unpartitioned property. *See* ORS 92.012; ORS 92.016(1). Snell sought the partition and adjustment to separate its land from the remainder of the original Kosta property so that the Snell parcel would have "legal status" and qualify for a building permit.

Respondents Kilian, who own one of the other parcels conveyed by the Kostas, appealed to LUBA from the city's granting of the application. They contended, *inter alia,* that the city had no "jurisdiction" to approve the partition. LUBA agreed. It reasoned:

"The statutes controlling partitionings do not speak of ownerships. ORS 92.010(7). ORS 92.010(8) does, however, define partitioning as a 'division of land.' Here, the owner is not dividing his land. The whole [Kosta holding] to be divided is not before the [city], only the applicant's land is before the [city]. In order to divide the applicant's land from the neighboring lands, all the land affected, the 'whole,' must be present before the [city] for division. The applicant's unilateral attempt to separate it[s] property from neighboring ownerships is not a proper subject for the partitioning statute or the [city] partition ordinance because only the applicant's property was submitted for partitioning approval. The applicant is not partitioning at all. As a result of the applicant's action, there remains [*sic*] only two lots under its ownership. The applicant owned these two lots before the partition was approved and nothing has happened to legalize the various improper partitionings in the original Kosta ownership." (Footnotes omitted.)

Petitioner argues, and the dissenting LUBA referee agreed, that neither the definition of "partition" in ORS 92.010(8)

"nor any other provision in ORS Chapter 92 supports [LUBA's] conclusion that dividing land requires ownership of all land to be divided. A ruling that each separate owner must apply for a partition is a requirement not found in the statute."

We agree with the LUBA majority, which rejected

petitioner's argument. ORS 92.010(8) provides, in material part:

> " 'Partition land' means to divide land into two or three parcels of land within a calendar year."

Petitioner did not seek to divide land into parcels. It applied, in effect, to have its land, which the Kostas had already unlawfully parcelized, recognized as a parcel independent of the unpartitioned property of which it is a part. Only the concerted action of all of the owners of the original Kosta property may invoke the city's authority to partition that property under the ORS chapter 92 provisions. Neither the language nor the policy of those statutes supports petitioner's unilateral effort to effect a *post hoc* cure for the Kostas' unlawful conveyances.[1] *See Yamhill County v. Ludwick,* 294 Or 778, 663 P2d 398 (1983).

Affirmed.

---

[1] The parties discuss what remedies may be available to petitioner and give specific consideration to the applicability or availability of ORS 92.018 and of ORS 105.205 to ORS 105.405. *See Ogan v. Ellison,* 297 Or 25, 682 P2d 760 (1984). LUBA did not decide that question, and we agree that it is not presented by this case.