Argued and submitted April 17, reversed and remanded for trial on future lost profits claim; otherwise affirmed September 27, 1989

SnB, INCORPORATION,
*Appellant,*

*v.*

EHLERS,
dba Jefferson Square,
*Respondent.*

(85-770-CV; CA A47372)

779 P2d 625

John B. Arnold, Eugene, argued the cause for appellant. On the briefs were Denise G. Fjordbeck, Donald A. Gallagher, Jr. and Jaqua, Wheatley, Gallagher & Holland, Eugene.

Blair M. Henderson, Klamath Falls, argued the cause for

respondent. With him on the brief was Henderson & Molatore, Klamath Falls.

Before Graber, Presiding Judge, and Joseph, Chief Judge,* and Riggs, Judge.

RIGGS, J.

---

* Joseph, C. J., *vice* Edmonds, J.

## RIGGS, J.

Plaintiff in this breach of contract action appeals a judgment in its favor for $15,385, after a trial to the court. It assigns as error the court's striking its claim for future lost profits from the original complaint and its denial of damages for lost investment expenses for equipment, leasehold improvements and franchise fees. We affirm in part and reverse and remand in part.

Plaintiff leased space in defendant's shopping mall in which to operate an Orange Julius franchise. The lease agreement, entered into in April, 1984, was to run for 10 years. A rider to the lease contained these provisions:

"2. Tenant shall have the first right of refusal to lease any space which landlord desires to lease as a food or beverage operation in the Jefferson Square Mall * * *.

"3. Landlord represents that it will not allow over Four Thousand (4,000) square feet of the Jefferson Square Mall to be devoted to food or beverage operations. The 4,000 square feet shall include all of the food or beverage operations in existence as of the date of the lease.

"4. Landlord will not allow any food operations in the Jefferson Square Mall which sell hamburgers, hot dogs, or hot sandwiches, without the prior written consent of tenant."

Plaintiff began operating the franchise in the leased space in October, 1984. Plaintiff claimed, and the court found, that, in May, 1985, defendant leased space to a delicatessen without giving plaintiff the right of first refusal and to a tenant selling hot sandwiches without plaintiff's written consent. Plaintiff notified defendant of those defaults in a May 16, 1985, letter. Defendant made no effort to cure them. Plaintiff terminated the lease effective December 31, 1985, because of continuing losses, that plaintiff claimed resulted from defendant's breach.

The court awarded plaintiff lost profits for the period from May 1, 1985, to December 31, 1985. It also found that plaintiff had failed to establish by a preponderance of the evidence its claim for damages for lost investment in equipment, leasehold improvements and franchise fees.

In its first assignment of error, plaintiff argues that the court erred in striking its claim for future lost profits.

Plaintiff argues that it is entitled to lost profits until the original expiration date of the 10-year lease, because its termination was the direct result of defendant's breach of the lease. We conclude that the court erred in striking the claim.

The lease provisions limiting defendant's ability to rent to other food-related establishments were clearly intended to protect plaintiff's business. Violation of those provisions could foreseeably lead to a loss of profits by plaintiff and, indeed, the court awarded plaintiff lost profits through December, 1985. Recovery of future lost profits is permitted in Oregon if sufficient evidence is available to support their recovery. *Wall v. S.E.C. Co.,* 270 Or 553, 528 P2d 1054 (1974). Whether plaintiff can prove them is a question of fact.

■ In its second assignment of error, plaintiff contends that the court erred in failing to award it $105,547 damages for its lost investment in equipment, leasehold improvements and franchise fees. It argues that those expenses were reasonably contemplated by the parties to the lease and are recoverable. *Borton v. Medicine Rock Land Co.,* 275 Or 59, 549 P2d 1122 (1976); *Senior Estates v. Bauman Homes,* 272 Or 577, 534 P2d 142 (1975). The court found that plaintiff had failed to establish the damages by a preponderance of the evidence. Plaintiff maintains that its evidence was uncontroverted.[1]

In a trial without a jury, the findings of the court are the equivalent of a jury verdict and cannot be set aside, if they are supported by any evidence. ORCP 62F; *Illingworth v. Bushong,* 297 Or 675, 694, 688 P2d 379 (1984). Although the evidence to which defendant directs us does not, as defendant claims, directly controvert each item of plaintiff's evidence, it does provide a basis for the court's finding. Defendant's expert witness testified, from the documents available to him, that the business appeared to be operating at a loss before defendant's breach. He also testified that, because of its poor profit record, the business had no salable goodwill. The court was

---

[1] Defendant contends that plaintiff failed to preserve its objections to the sufficiency of defendant's evidence, because it failed to move for a directed verdict. Defendant is wrong. Plaintiff filed objections to the proposed findings. ORCP 62. The court reviewed and denied those objections. Plaintiff thereby adequately preserved its objections. *Mutual of Enumclaw Insurance Co. v. Hambleton,* 84 Or App 343, 733 P2d 948 (1987).

entitled to conclude, as defendant's expert suggested, that the invested capital would have been lost, even without defendant's breach. It could also have concluded that inept business management, rather than defendant's breach, caused the loss of plaintiff's investment. There is evidence to support those possible findings, and we affirm.

Reversed and remanded for trial on plaintiff's future lost profits claim; otherwise affirmed.