STATE ex rel Richard KILIAN
and Sharon Kilian,
*Plaintiffs,*

*v.*

CITY OF WEST LINN
and Freedom Federal
Savings & Loan Association,
*Defendants.*

(87-11-31)

Howard E. BALES,
Shirley Ann Bales, Richard Kilian
and Sharon Kilian,
*Appellants - Cross Respondents,*

*and*

Mary BORUD,
*Cross-Respondent,*

*v.*

WILLIAM SNELL
CONSTRUCTION COMPANY,
James B. Kosta
and City of West Linn,
*Respondents,*

*and*

FREEDOM FEDERAL
SAVINGS & LOAN ASSOCIATION,
*Respondent - Cross-Appellant,*

*and*

James W. KOSTA,
Richard H. Jeans, Jeff Sorg,
Stanley A. Bergstrom, Jr.
and Lila G. Bergstrom,
*Defendants.*

(87-11-125; CA A65246)

829 P2d 1029

A. Gregory McKenzie, Oregon City, argued the cause for appellants - cross-respondents. With him on the briefs was Hibbard, Caldwell, Bowerman & Schultz, Oregon City.

No appearance by cross-respondent Mary Borud.

No appearance by respondent William Snell Construction Company.

Carlton D. Warren, Portland, argued the cause for respondent James B. Kosta. With him on the brief were Jeffrey S. Bennett and Warren, Allen & Brookshire, Portland.

Lisa E. Lear, Portland, argued the cause for respondent City of West Linn. With her on the brief were I. Franklin Hunsaker, James G. Driscoll and Bullivant, Houser, Bailey, Pendegrass & Hoffman, Portland.

William R. Turnbow, Eugene, argued the cause for respondent - cross-appellant Freedom Federal Savings & Loan Association. With him on the brief was Hershner, Hunter, Moulton, Andrews & Neill, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Appellants appeal from a judgment in favor of William Snell Construction Company (Snell) and Freedom Federal Savings and Loan Association (Freedom Federal) on their claims of adverse possession, reformation and ejectment and in favor of the City of West Linn (City) on their section 1983 claim. Freedom Federal cross-appeals from the portion of the judgment in appellants' favor that required it and Snell to remove all windows from the lower level of a house, block the windows with a fence or pay appellants $15,000 in damages. We affirm on the appeal and vacate the judgment in part on the cross-appeal.

This case is a sequel to *Kilian v. City of West Linn*, 88 Or App 242, 744 P2d 1314 (1987), in which Snell sought review of LUBA's reversal of City's approval of its application for a minor partition and lot line adjustment pursuant to ORS 92.010 to ORS 92.190. J. W. and James B. Kosta had unlawfully sold one of five parcels to Snell without obtaining approval for a minor partition, as required by ORS 92.012 and ORS 92.016. Snell sought the partition and adjustment to separate its land from the surrounding property so that its parcel would have legal status and qualify for a building permit. LUBA held that City had no authority to approve the application as a "post hoc" cure for the Kostas' unlawful conveyance, and we affirmed.

While appellants' challenge was pending before LUBA, Snell obtained a building permit from City and began constructing a house, using proceeds from a loan from Freedom Federal's predecessor. Appellants are owners of some of the other lots that the Kostas had conveyed without a legal partition. After the house was completed, appellants brought this action,[1] seeking a judgment declaring that their lots were legally partitioned and an injunction requiring Snell to

---

[1] Appellants Kilian and others also sought an alternative writ of mandamus against City to compel it to enforce its zoning ordinances. The trial court dismissed the action, and appellants do not appeal from that ruling.

Kostas, Jeans and Sorg are Snell's predecessors in interest. Defendants Bergstrom are Borud's predecessors in interest. Defendant James W. Kosta had not been served with summons and complaint by the time of trial. The court dismissed all claims against him. The claims as to Jeans were resolved pursuant to a stipulated judgment. The court entered default judgments against Sorg and the Bergstroms.

remove the house that it had built or, in the alternative, requiring Snell to modify the house to conform to the West Linn Community Development Code (Code) and applicable deed restrictions. They also sought damages against City for the violation of their equal protection rights under 42 USC § 1983. Appellants Bales sought a decree reforming their land sale contract to include an adjacent tax lot, declaring that they own that lot by virtue of adverse possession and ejecting Snell from the lot. Also, the Bales and respondent Borud sought damages against Kosta for fraud relating to conveyances made without compliance with the statutory partitioning procedure.

The trial court granted judgment to Snell and Freedom Federal on appellants' claims of reformation, adverse possession and ejectment. It granted appellants' request for a declaration of partition and ordered Snell to modify the house in certain particulars. It granted judgment against appellants on their section 1983 claim against City.[2]

Appellants first assert that, because Snell's house violates the Code and the applicable deed restrictions, the trial court erred by denying their request for a mandatory injunction requiring the removal of the house. Specifically, appellants argue that the house violates the restrictions because the lower level, which contains two bedrooms, has less than 1200 square feet, the house violates setback requirements and the garage violates siting requirements. The trial court ordered Snell to create a permanent structure sufficient to block the view from all windows in the lower level of the house into appellants' homes, to remove the part of the deck that violated the setback requirements and to obtain a variance for the garage.

Our review of the record is *de novo*. ORS 19.125(3). A mandatory injunction requiring the removal of a house may be proper when the circumstances justify it. *See Swaggerty v. Petersen*, 280 Or 739, 572 P2d 1309 (1977). Each case involving a demand for that sort of injunction must be evaluated on its own facts. In their brief, appellants argue that, because the

---

[2] City counterclaimed for attorney fees. The court granted judgment to appellants on the counterclaim and dismissed it with prejudice. City does not appeal that part of the judgment.

Code or the restrictive covenants provide for a remedy of removal of the offending structure, they are entitled to that remedy. To the contrary, the decision to grant or deny the requested relief rests in the sound discretion of the court in determining the appropriate remedy. *Wilson v. Parent*, 228 Or 354, 370, 365 P2d 72 (1961). We agree with the trial court that removal of the house is not required, because the violations can be remedied by less extreme means. The court did not err by denying appellants' request for the injunction.

■      Appellants next assert that the trial court erred by finding that their damages were not caused by the Kostas' fraud and that City did not intentionally discriminate against them. Because those findings arise out of a trial of actions at law, they are equivalent to a jury verdict and cannot be set aside, if they are supported by any evidence. ORCP 62F; *SnB, Inc. v. Ehlers*, 98 Or App 562, 565, 779 P2d 625 (1989). There is ample evidence to support both findings.

■      Last, appellants assert that the trial court erred by dismissing the reformation claim. On *de novo* review, we find that they failed to carry their burden of proof that a mutual mistake occurred. We affirm those portions of the judgment that require Snell to conform its house to the Code and deed restrictions and that reject appellants' adverse possession, ejectment, reformation and section 1983 claims.[3]

■      In its cross-appeal, Freedom Federal asserts that the trial court erred by alternatively awarding appellants damages to compensate them for the loss of privacy caused by the residential nature of the lower level of Snell's house, because there is no evidence regarding appellants' damages if a permanent structure blocking the view is not constructed. Freedom Federal is correct. *See Drulard v. LeTourneau*, 286 Or

---

[3] Freedom Federal asserts that, because "[appellants] provided only a 26 page witness-by-witness recitation of the testimony favorable to them," they violated ORAP 5.40(8), which requires appellants' briefs to contain

"[a] concise summary, without argument, of all the facts of the case material to determination of the appeal. The summary shall be in narrative form with references to the places in the transcript, narrative statement, audio record, record or abstract where such facts appear."

Although we are unwilling to strike appellants' brief on that ground, we note that such a recitation rarely creates a useful impression of the facts, and we discourage the use of that format.

159, 593 P2d 1118 (1979). Accordingly, we vacate that portion of the judgment.

Affirmed on appeal; on cross-appeal, portion of judgment awarding damages against Freedom Federal Savings & Loan Association and William Snell Construction Company vacated; otherwise affirmed.