Argued and submitted April 27, affirmed October 12, 1994

Robert and Christie GREEN,
*Respondents,*

*v.*

Daniel Dean HOLZ
and Judith Holz,
husband and wife,
*Defendants,*

*and*

Ed ARNOLD,
aka Edward Arnold,
*Appellant.*

(F 89-11-173; CA A72523)

882 P2d 1137

Lee A. Hansen argued the cause and filed the briefs for appellant.

Robert P. Johnson argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant[1] appeals from a judgment[2] following a trial to the court. He assigns error to the court's findings and to the award of attorney fees to plaintiffs. We affirm.

This case arises out of plaintiffs' purchase of a dry cleaning business from defendant Holz. Defendant was the Holzes' accountant for the dry cleaning business. Plaintiffs brought claims against defendant and the Holzes for the fraudulent sale of securities, common law fraud, violation of ORS 60.774 (the right of a shareholder to inspect the records of a corporation), and breach of warranty. The Holzes settled with plaintiffs before trial on the claims against them. Plaintiffs allege that, during the course of plaintiffs' negotiations with the Holzes to purchase the business, defendant made fraudulent representations to them regarding the business' gross receipts and profits, its operational condition and its size. At trial, the court awarded damages against defendant on the claims for fraudulent sale of securities common law fraud and awarded attorney fees to plaintiffs. It dismissed all the other claims against him.

In his first assignment of error, defendant contends that the trial court erred

> "in determining that the defendant made misrepresentations that (a) the business had gross receipt[s] of $16,000 per month; (b) that the business had a net profit exceeding $30,000 for first six months of 1988; (c) that the business was a good operation and the machinery was in good shape and there was a minimum of maintenance on the machinery; and (d) that the business was the biggest dry cleaning and laundry business in the Pacific Northwest. It further erred in finding that said representations were fraudulent, were material, that plaintiffs relied upon them and were injured by their reliance."

---

[1] Defendants Daniel Holz and Judith Holz are not parties to this appeal. When we refer to defendant, we mean defendant Arnold.

[2] Defendant originally appealed from a document entitled "judgment order." The term "judgment order" is a misnomer and should not be used. *See Goeddertz v. Parchen*, 299 Or 277, 279 n 1, 701 P2d 781 (1985). Because the original judgment did not dispose of all claims and the one counterclaim that existed, we held this appeal in abeyance pending the entry of an amended judgment. ORS 19.033(4).

He concludes that

> "there was no evidence that those representations were not true, and certainly no evidence that was clear and convincing."

 In a civil action tried to the court, the defendant may not raise the sufficiency of the plaintiff's evidence on appeal unless the defendant has asserted that ground in the trial court by a motion under ORCP 54B(2) or ORCP 60. In *Falk v. Amsberry*, 290 Or 839, 843, 626 P2d 362 (1981), the court said:

> "The reasons for requiring a motion testing the sufficiency of the plaintiff's evidence in a jury trial as a condition for considering the sufficiency of the evidence on appeal apply with equal force in civil actions tried to the court. Lack of proof of a necessary fact may be overlooked if not brought to the attention of the trial court. An appropriate motion may allow the trial court to avoid entry of an erroneous judgment if the necessary proof cannot be supplied, thus preventing appeals and retrials on that basis."

In substance, defendant's assignment of error asks us to inquire into the legal sufficiency of the evidence. He does not point to anywhere in the record, and we find nothing to indicate that he moved for a judgment of dismissal or a directed verdict on the basis of the insufficiency of the evidence.[3] Therefore, we will not consider his claim of error.

Defendant also assigns error to the trial court's award of "attorney fees based on common law fraud." Plaintiffs' first claim for relief specifically referred to ORS 59.115 as the authority for its claim for attorney fees. Attorney fees are available for the fraudulent sale of securities claim made under ORS 59.115. There is nothing in the amended judgment or any other part of the record to suggest that the attorney fees were awarded for common law fraud.[4]

Defendant also argues in his brief:

> "If [the judgment] could possible [*sic*] be construed to include a finding of a violation of ORS 59.115(1)(b), then

---

[3] The motions that defendant made at the close of plaintiffs' evidence did not raise the issue of the sufficiency of plaintiffs' evidence.

[4] The amended judgment corrected any defects that were the subject of the second assignment of error.

the damages were not properly assessed under ORS 59.115(2)(b).''

However defendant does not make any assignment of error concerning the assessment of damages, and therefore, we do not address that issue. Defendant's other arguments do not warrant discussion.

Affirmed.