Argued and submitted November 13, 1996, reversed on appeal and on petition for judicial review; affirmed on cross-appeal February 12, 1997

Allen WILKES,
dba S.A.W. Construction,
*Appellant - Cross-Respondent,*

*v.*

Dennis ZURLINDEN
and Sharie Zurlinden,
husband and wife,
*Respondents - Cross-Appellants.*

(93-3620-L-3; CA A91278 (Control))

Allen WILKES
and Shirley Wilkes,
dba S.A.W. Construction,
*Petitioners,*

*v.*

CONSTRUCTION CONTRACTORS BOARD;
Dennis Zurlinden and Sharie Zurlinden,
*Respondents.*

(Agency No. 17988-101; CA A91800)

932 P2d 584

Matthew Sutton argued the cause for appellant - cross-respondent and petitioners. With him on the briefs were Douglas J. Richmond and Kellington, Krack, Richmond & Blackhurst.

John R. Huttl argued the cause for respondents - cross-appellants and respondents Zurlinden. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Clarke, P.C.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent Construction Contractors Board. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

In this consolidated appeal and petition for judicial review, plaintiff Wilkes[1] appeals an award of attorney fees to defendants Zurlindens in a judgment of the circuit court and an order of the Construction Contractors Board (CCB). The Zurlindens cross-appeal the circuit court's failure to award them damages on their counterclaim. We reverse on the appeal and judicial review and affirm on the cross-appeal.

In May 1992, the Zurlindens entered into a written contract with Wilkes, a licensed construction contractor, for the construction of a two-story house in Medford. The contract contained the following provision on attorney fees:

> "In the event that it becomes necessary to institute suit or to employ an attorney to collect any payment or payments due the undersigned for labor or materials furnished under this agreement or any modifications thereof, then you shall be liable to the undersigned for court costs and attorney's fees. Said attorney's fees shall be in an amount equal to one-third of the amount for which recovery is prayed."

Construction disputes arose between the parties and the Zurlindens fired Wilkes. In June 1993, Wilkes brought an action for breach of contract, seeking lost profits and attorney fees. The Zurlindens filed a counterclaim, alleging breach of contract and negligence and seeking damages and attorney fees. In August, the Zurlindens also filed a claim with the CCB. In December, the CCB stopped processing the claim because of the pending circuit court action.

Following a trial to the court in March 1995, the court found that the Zurlindens were "justified in terminating the construction contract." It also found that Wilkes had not proved his claim for lost profits and that the Zurlindens were not damaged by Wilkes' breach, because their costs of curing construction defects and completing the contract were "roughly equal" to the balance due on the contract. The court

---

[1] Allen Wilkes was plaintiff in the circuit court action and he and Shirley Wilkes were petitioners before the Construction Contractors Board. Our reference to Wilkes in the singular incorporates both parties and proceedings.

thus held "in favor of defendants and against the plaintiff on plaintiff's claim and in favor of plaintiff and against the defendants on their counterclaim."

Wilkes filed an objection to the proposed judgment that designated the Zurlindens as the prevailing party. The trial court denied Wilkes' objection and, pursuant to ORS 20.096, entered a judgment awarding the Zurlindens attorney fees of $7,500. A certified copy of that judgment was sent to the CCB and, in January 1996, the CCB entered a final order awarding the Zurlindens $7,500 in attorney fees.

■   Wilkes assigns error to the award of fees. We first address his arguments about the circuit court judgment. We review the entitlement to an award of attorney fees as a question of law. *ASB Construction v. Bateman*, 124 Or App 638, 642, 863 P2d 516 (1993).

Wilkes contends that, in their answer and counterclaim, the Zurlindens relied on the contract and ORS 20.096[2] for an award of fees. He argues that for ORS 20.096 to apply, there must be a "prevailing party," ORS 20.096(1); that "prevailing party" is specifically defined as "the party in whose favor final judgment or decree is rendered," ORS 20.096(5); and that there can be no more than one prevailing party for the purpose of an award of attorney fees, even in litigation involving a plaintiff's claim and a defendant's counterclaim. *Marquam Investment Corp. v. Myers*, 35 Or App 23, 31, 581 P2d 545, *rev den* 284 Or 341 (1978).

Wilkes contends that before attorney fees can be awarded,

---

[2] As relevant, ORS 20.096 provides:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"* * * * *

"(5) Except as provided in ORS 20.015, as used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

" '[t]he court must first determine, however, *whether there is a prevailing party. Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978). *If neither party prevails, an award of attorney fees is inappropriate. Lawrence v. Peel* [, 45 Or App 233, 243, 607 P2d 1386 (1980)].' "

*Ladum v. City of Reedsport,* 83 Or App 666, 669, 733 P2d 66 (1987) (emphasis Wilkes'). Wilkes argues that, because neither party here received any of the damages prayed for, there was no prevailing party, and attorney fees should not have been awarded. *See Marquam Investment Corp.,* 35 Or App at 31 (court refused to award attorney fees where the landlord was awarded possession in FED action and the tenant was awarded damages on a counterclaim); *Lawrence,* 45 Or App at 243 (if neither party prevails, award of attorney fees would not be appropriate or required).

The Zurlindens respond that, if a plaintiff receives no relief, the defendant is the prevailing party, regardless of whether the defendant prevails on counterclaims. *See Selective Services, Inc. v. AAA Liquidating,* 126 Or App 74, 78, 867 P2d 545 (1994) ("In a breach of contract case, the plaintiff is entitled to judgment if it recovers damages under the contract; if the plaintiff 'takes nothing on account of the transaction,' defendant is entitled to judgment."). Wilkes responds that our recent decision in *Spectra Novae, Ltd. v. Waker Associates, Inc.,* 140 Or App 54, 914 P2d 693 (1996), is analogous to this case and supports his position that there is no prevailing party here for purposes of ORS 20.096.

In *Spectra Novae,* both parties sued for breach of contract. The trial court granted the defendant's motion for summary judgment on the plaintiff's claim. The jury found a breach of contract on the defendant's counterclaim but did not award damages. We held that the defendant was not entitled to an award of attorney fees under a contractual provision that authorized an award to the prevailing party in litigation:

"Concerning the first contractual provision, which provides for an award of fees to the 'prevailing party,' we conclude that the trial court correctly determined that [the

defendant] did not 'prevail' at trial. Although [the defendant] obtained dismissal of [the plaintiff's] breach of contract claim, it obtained no damages on its own counterclaim for breach of contract. Under the circumstances, the trial court correctly concluded that neither party prevailed."

140 Or App at 61 (citations omitted).

■        We agree with Wilkes that this case is in a similar posture: Wilkes failed to prove a breach of contract and lost profits and the Zurlindens failed to prove damages. Under those circumstances, neither party prevailed for purposes of an award of attorney fees. The trial court erred in awarding fees to the Zurlindens.

        We turn to the judicial review of the CCB order. ORS 701.145(7) and (8) provide:

"(7)   If a court issues a judgment against a general contractor or a specialty contractor, the plaintiff shall deliver a certified copy of the judgment to the board and to the surety within 30 days of the date of entry of the judgment in order to retain a claim against the bond. Execution on the judgment against the bond shall only be in accordance with ORS 701.150.

"(8)   Upon receipt of a timely filed copy of the judgment, the board shall issue a proposed order in the amount of the judgment, together with any court costs, interest and attorney fees awarded by the court. The board's determination of the claim shall be limited only to a determination of whether the claim comes within the jurisdiction of the board."

The CCB received a certified copy of the circuit court judgment awarding $7,500 in attorney fees. Pursuant to ORS 701.145(8), the CCB issued a proposed order awarding the Zurlindens $7,500 in attorney fees. Wilkes did not object to the proposed order, and, in January 1996, the CCB issued its final order.

■■        The CCB argues that Wilkes' challenge to the order on judicial review is barred because he failed to exhaust his administrative remedies when he did not challenge the proposed order.[3] However, the CCB acknowledges that ORS

---

[3] The Zurlindens join the arguments made by the CCB.

701.145(8) compels it to issue a final order in accordance with a circuit court judgment. Because that statute is mandatory, a challenge on the merits to the award of attorney fees would have been futile. The doctrine of exhaustion of administrative remedies is not so strict as to require a litigant to pursue a futile course of action. *Eklund v. Clackamas County*, 36 Or App 73, 78, 583 P2d 567 (1978), *overruled on other grounds Forman v. Clatsop County*, 63 Or App 617, 665 P2d 365 (1983), *aff'd* 297 Or 129, 681 P2d 786 (1984). Because there was no step left in CCB's decision-making process by which it could have addressed the merits of the attorney-fee issue, exhaustion of remedies does not apply. *See Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 618, 581 P2d 50 (1978) (for administrative remedy to be "exhaustible" it must be available). It follows that, because the circuit court's judgment awarding fees was in error, so, too, is the CCB order.

■ We turn to the Zurlindens' cross-appeal. They argue that there was no credible evidence to support the trial court's finding that Wilkes' breach of contract had caused them no damage. The error about which the Zurlindens complain was not preserved, because they did not move to withdraw from the factfinder the issue whether they were damaged by Wilkes' breach. *See, e.g., Falk v. Amsberry*, 290 Or 839, 843-45, 626 P2d 362 (1981); *Green v. Holz*, 130 Or App 545, 548, 882 P2d 1137 (1994). Moreover, even if an appropriate motion had been made, we still would affirm the trial court. There was conflicting evidence on the disputed issues, and the trial court was not obligated to accept the Zurlindens' version or to award damages. *See Markwart v. Fry*, 60 Or App 431, 435, 653 P2d 1307 (1982) (decision not to award damages based on the evidence is within court's power as trier of fact). We find no error.

Reversed on appeal and on petition for judicial review; affirmed on cross-appeal.