Argued and submitted September 10, 1998, decision of Court of Appeals reversed on plaintiff's appeal; judgment of circuit court modified and case remanded to circuit court for further proceedings June 11, 1999

Allen WILKES,
dba S.A.W. Construction,
*Respondent on Review,*

*v.*

Dennis ZURLINDEN
and Sharie Zurlinden, husband and wife,
*Petitioners on Review.*

(CA A91278 (Control))

Allen WILKES
and Shirley Wilkes,
dba S.A.W. Construction,
*Petitioners Below,*

*v.*

CONSTRUCTION CONTRACTORS BOARD,
Dennis Zurlinden and Sharie Zurlinden,
*Respondents Below.*

(CC 93-3620-L-3, Agency No. 17988-101;
CA A91800; SC S44912)
(Cases Consolidated)

984 P2d 261

William V. Deatherage, of Frohnmayer, Deatherage, Pratt, Jamieson & Clarke, P.C., Medford, argued the cause for petitioners on review. With him on the petition was John R. Huttl.

Matthew Sutton, of Kellington, Krack, Richmond, Blackhurst & Sutton, LLP, Medford, argued the cause for respondents on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

LEESON, J.

** Kulongoski, J., did not participate in the consideration or decision of this case.

## LEESON, J.

In this action on a construction contract, the issue is whether the trial court erred in designating defendants as the prevailing party under ORS 20.096[1] and awarding them attorney fees under the parties' contract. After a trial in which it denied affirmative relief to both plaintiff[2] and defendants, the court designated only defendants as the prevailing party. The Court of Appeals reversed, holding that neither party was the prevailing party. *Wilkes v. Zurlinden*, 146 Or App 371, 932 P2d 584, *vac'd and rem'd* 325 Or 489, 940 P2d 518 (1997), *on remand* 152 Or App 130, 952 P2d 569 (1998). For the reasons that follow, we reverse the decision of the Court of Appeals, modify the judgment of the circuit court, and remand the case to the circuit court for further proceedings.

In May 1992, plaintiff, a construction contractor, entered into a written contract with defendants to build a house for defendants in Medford. The contract contained an attorney fees provision, under which plaintiff was entitled to fees if he instituted suit or employed an attorney to collect money under the contract. Early in 1993, defendants ordered plaintiff to cease work on the project and to leave the premises. Thereafter, plaintiff filed this action for breach of contract, seeking $19,080.42 in economic damages and attorney fees. Defendants filed an answer denying that they had breached the contract. They also filed a counterclaim against

---

[1] ORS 20.096 provides, in part:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"* * * * *

"(5) Except as provided in ORS 20.015, as used in this section and ORS 20.097 'prevailing party' means the *party in whose favor final judgment or decree is rendered.*" (Emphasis added.)

[2] Contemporaneously with this action, defendants filed a claim with the Construction Contractors Board (CCB) against Allen Wilkes and Shirley Wilkes. However, Allen Wilkes was plaintiff in the circuit court action, which is the only action at issue on review. We refer to plaintiff in the singular.

plaintiff alleging breach of contract and negligence, and seeking affirmative relief. Defendants sought $103,201 in economic damages and attorney fees.

After a trial to the court, the court issued a memorandum decision in which it found "in favor of defendants and against the plaintiff on plaintiff's claim and in favor of plaintiff and against the defendants on their counterclaim." Consequently, the court did not award damages to either party, and it ordered each party to pay its own costs.

Defendants' proposed form of judgment stated that defendants were the prevailing party. Plaintiff objected. The trial court overruled plaintiff's objection, designated defendants as the prevailing party, and awarded them attorney fees in the amount of $7,500.[3]

Although plaintiff had sought attorney fees at the trial court level, which the trial court denied, on appeal plaintiff assigned error only to the trial court's designation of defendants as the prevailing party for purposes of an award of attorney fees. Plaintiff argued that, because neither party succeeded on its claim or counterclaim, neither was the prevailing party under ORS 20.096(5). Consequently, he maintained, neither party was entitled to an award of attorney fees under the contract. As noted, the Court of Appeals agreed with plaintiff and reversed the trial court. *Wilkes*, 146 Or App at 377. On petition for review of that decision, this court vacated and remanded for further consideration in light of *Anderson v. Jensen Racing, Inc.*, 324 Or 570, 931 P2d 763 (1997), and *Domingo v. Anderson*, 325 Or 385, 938 P2d 206 (1997). On remand, the Court of Appeals adhered to its original opinion, reasoning that neither of those cases was relevant to the issue in this case. *Wilkes*, 152 Or App at 133-34.

---

[3] In December 1993, the CCB stopped processing defendants' claim because of the pendency of the circuit court proceeding. After it received a certified copy of that judgment, the CCB entered a final order awarding defendants $7,500 in attorney fees. Plaintiff sought judicial review of the CCB order, which was consolidated with plaintiff's appeal from the circuit court judgment.

Defendants again petitioned for review.[4] On review, they argue that, because they defeated plaintiff's claim against them, the trial court properly designated them as the prevailing party under ORS 20.096(5), and they are entitled to attorney fees under the contract. Plaintiff repeats the same argument here that he made to the Court of Appeals: Because neither party prevailed on its claim or counterclaim, final judgment was not rendered in favor of either party. Consequently, plaintiff contends, neither party is entitled to an award of attorney fees. We conclude that, under the circumstances of this case, both parties are prevailing parties under ORS 20.096(5).

 Generally, a party is not entitled to an award of attorney fees unless such an award is authorized by statute or by a specific contractual provision. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). As noted above, the construction contract at issue in this case contains an attorney fees provision. Our analysis of the attorney fees issue begins with that provision. *See Anderson*, 324 Or at 578 (court begins analysis of attorney fees issue with contract provision); *Domingo*, 325 Or at 389 (same). In this case, the attorney fees provision in the parties' contract provides:

> "In the event that it becomes necessary to institute suit or to employ an attorney to collect any payment or payments due the undersigned for labor or material furnished under this agreement or any modifications thereof, then you shall be liable to the undersigned for court costs and attorney's fees. * * *"

Although that attorney fees provision purports to entitle only plaintiff to an award of attorney fees, such one-sided attorney fees provisions are made reciprocal by ORS 20.096(1). *See Niedermeyer v. Latimer*, 307 Or 473, 476, 769 P2d 771 (1989) (ORS 20.096(1) makes contractual attorney fees provisions

---

[4] After allowing review, we discovered that the judgment appealed from in this case did not comply with ORCP 70 A(1)(a). Rather than dismissing the appeal for lack of a final judgment, this court gave the circuit court leave under ORS 19.270(4) to enter one or more judgments finally disposing of all claims in the action. The circuit court entered an amended judgment that dismissed with prejudice plaintiff's claim against defendants and dismissed with prejudice defendants' counterclaim against plaintiff. Plaintiff timely filed an amended notice of appeal.

reciprocal but does not itself authorize an award of attorney fees).

The parties agree that whichever party "prevailed" in this action is the "prevailing party" under ORS 20.096(5) and, therefore, is entitled to attorney fees under the contract. According to that statute, the prevailing party in an action on a contract is "the party in whose favor final judgment is rendered."

Determining the party in whose favor final judgment has been rendered can be complicated when multiple claims and counterclaims are involved. *See Anderson*, 324 Or at 582-83 (Durham, J., concurring) (discussing complexity of determining which party is "prevailing party" when number of claims multiplies and when nonmonetary, as well as monetary, relief is granted). This court has held that, when there are claims and counterclaims on the same contract, and both parties are awarded affirmative relief in the form of damages, the court nets the damage awards in determining the party in whose favor final judgment is rendered. *See Carlson v. Blumenstein*, 293 Or 494, 499-501, 651 P2d 710 (1982) (so holding and demonstrating procedure).

In this case, by contrast, neither party was granted affirmative relief and neither was awarded damages. However, each party succeeded in defeating the other's claim. This court has held that, if a plaintiff takes nothing on its claim, then the defendant is the prevailing party under ORS 20.096 and is entitled to an award of attorney fees. *See American Petrofina v. D & L Oil Supply*, 283 Or 183, 199-200, 583 P2d 521 (1978) (interpreting *former* ORS 20.096(3) (1977), *renumbered as* ORS 20.096(5) (1979)). The question thus narrows to whether ORS 20.096(5) prevents the *American Petrofina* rationale from applying here, where plaintiff takes nothing on its claim and defendants take nothing on their counterclaim. In analyzing that statute, we follow the statutory construction methodology summarized in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

■■ ORS 20.096(5) defines the prevailing party in an action as "the party in whose favor final judgment or decree is

rendered." That subsection refers to "the" party in the singular, which suggests that, under the statute, there can be only one prevailing party in an action. However, ORS 20.096(1) provides context for the construction of ORS 20.096(5). As noted above, ORS 20.096(1) makes one-sided contractual attorney fees provisions reciprocal. The reciprocity provision in that section applies to *"any* action or suit" on a contract that contains an attorney fees provision. An action on a contract seeking affirmative relief can be in the form of a claim or a counterclaim. *Rogue River Management Co. v. Shaw*, 243 Or 54, 58-60, 411 P2d 440 (1966). Reference to "the" prevailing party in ORS 20.096(1) and in ORS 20.096(5) does not exclude the possibility of more than one prevailing party when there is both a claim and a counterclaim on a contract and each party succeeds in defeating the other party's claim for relief.

■ As noted, in this case, plaintiff took nothing on his claim, and defendants took nothing on their counterclaim. Under the rationale of *American Petrofina*, both are prevailing parties. The next question is whether that conclusion is inconsistent with this court's holding in *Carlson*, 293 Or at 499-501.

In our view, it is not. *Carlson* also involved a construction contract dispute. The plaintiffs sought damages for the defendants' failure to perform the construction work properly, and the defendants asserted three counterclaims. *Id.* at 497. However, unlike the parties here, both parties in *Carlson* prevailed on their claims and were awarded damages. This court held that, in those circumstances, the damage awards should be "netted" to determine the party in whose favor judgment was rendered. *Id.* at 501. Because neither party in this case was awarded damages, the "netting" procedure prescribed by *Carlson* is not possible, making *Carlson* inapposite.

Because defendants defeated plaintiff's claim, they are the party in whose favor final judgment was rendered on plaintiff's claim. Similarly, because plaintiff defeated defendants' counterclaim, he is the party in whose favor final judgment was rendered on defendants' counterclaim. Consequently, both are prevailing parties on the claims on which

they successfully defended. The trial court erred in designating only defendants as the prevailing party under ORS 20.096(5).

As to plaintiff's appeal, the decision of the Court of Appeals is reversed. The judgment of the circuit court is modified to designate plaintiff the prevailing party on defendants' counterclaim, and the case is remanded to the circuit court for further proceedings.