Argued and submitted June 18, reversed December 29, 1999

## COLUMBIA FOREST PRODUCTS, INC.,
an Oregon corporation,
*Plaintiff,*

*v.*

## AON RISK SERVICES, INC. OF OREGON,
an Oregon corporation,
*Respondent,*

*and*

## SCHWABE, WILLIAMSON & WYATT, P.C.,
an Oregon professional corporation,
*Appellant.*

(9706-04298; CA A102299)

993 P2d 820

Susan K. Eggum argued the cause and filed the briefs for appellant.

Stephen Feldman argued the cause for respondent. With him on the brief were Paul T. Fortino and Perkins Coie LLP.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff, represented by Schwabe, Williamson & Wyatt (Schwabe), initiated this action against defendant, an insurance broker, for defendant's failure to provide adequate insurance coverage. Defendant moved to disqualify Schwabe from representing plaintiff, contending that Schwabe previously had represented defendant in a related matter. At the hearing on the motion, the trial court withheld ruling on the motion, but told the parties that it was inclined to allow it. Without conceding the motion, Schwabe nevertheless asked to be allowed to withdraw as plaintiff's counsel. Defendant then filed a motion for an award of attorney fees, based on the court's "inherent equitable authority to award fees" as provided in *Deras v. Myers*, 272 Or 47, 65-66, 535 P2d 541 (1975). The trial court allowed the motion, awarded fees against Schwabe in the amount of $25,066.08, and entered an ORCP 67 B judgment to that effect. Schwabe appeals, arguing that the trial court lacked authority to award the fees under *Deras*. We agree and reverse.

Schwabe argues that for several reasons the trial court erred in allowing defendant's motion for an award of attorney fees: (1) This is not the type of case in which the court has inherent equitable authority to award fees under *Deras*, because, among other things, in moving to disqualify Schwabe, defendant did not seek to vindicate important constitutional rights applying to all citizens; (2) defendant did not prevail on its motion to disqualify, because Schwabe withdrew, and the trial court never ruled on the motion; (3) Schwabe is not a party to this litigation, and the trial court lacks authority to award attorney fees against a nonparty; and (4) defendant failed to provide notice that it would seek attorney fees in connection with its motion to disqualify until after the fact.

Defendant argues that the trial court possessed authority to award attorney fees under *Deras* because its motion to disqualify benefitted the bench, the bar, and the general public "through its efforts to enforce the code of Professional Responsibility." According to defendant, its efforts "help[ed] guard the integrity of the judicial process and reduce[d] the appearance of impropriety." In any event,

defendant argues, attorney fees are appropriate under *Deras*, even if no public benefit is sought, as long as there are circumstances in which equitable relief in effect would be denied unless there is an award of attorney fees. As for Schwabe's other arguments, defendant argues that they either were not preserved below or have no merit.

We conclude that Schwabe is correct that this is not an appropriate case in which to award attorney fees under *Deras*. We therefore do not reach Schwabe's other arguments.

In *Deras*, the Supreme Court held:

"[A]s a general rule[,] American courts will not award attorney's fees to the prevailing party absent authorization of statute or contract, * * * [however,] courts of equity have the inherent power to award attorney fees. This power frequently has been exercised in cases where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as his own."

272 Or at 65-66. Subsequent cases have made clear that the recovery of fees under the principle articulated in *Deras* is contingent on three conditions: (1) The proceeding must be in equity; (2) the requesting party must have prevailed; and (3) the requesting party must have been seeking to "vindicat[e] an important constitutional right applying to all citizens without any gain peculiar to himself." *Armatta v. Kitzhaber*, 327 Or 250, 287, 959 P2d 49 (1998) (quoting *Dennehy v. Gresham*, 314 Or 600, 602, 841 P2d 633 (1992)); *see also Tanner v. OHSU*, 161 Or App 129, 133, 980 P2d 186, *rev den* 329 Or 528 (1999). An award is not authorized if the requesting party seeks merely to vindicate "individualized and different interests," *Vannatta v. Keisling*, 324 Or 514, 549, 931 P2d 770 (1997), that is to say, "any pecuniary or other special interest of his own aside from that shared with the public at large." *Dennehy*, 308 Or at 427. Moreover, any benefit to the public must be central to the relief that is requested, not merely an "ancillary result" of the case. *Vannata*, 324 Or at 549.

In this case, defendant did not file its motion to disqualify Schwabe to vindicate "an important constitutional right applying to all citizens without any gain peculiar" to

itself. To the contrary, defendant sought to disqualify a law firm representing the opposing party in a private lawsuit based on its own individual claim of conflict of interest. No constitutional rights were asserted, much less any that apply to "all citizens without any gain peculiar" to defendant. To be sure, a motion to disqualify based on an asserted ethical violation may serve a public function. But, at least in the context of this case, such a public function is ancillary to the entirely "individualized and different" interests primarily at issue.

Defendant insists that public benefit actually is not required and that, as suggested in *dictum* in a decision that predated *Deras*, attorney fees may be awarded merely where equity requires it. In *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 142, 384 P2d 136, 390 P2d 320, *cert den* 376 US 963 (1964), the Supreme Court did say:

> "We do not mean to suggest that in all equity cases the prevailing party is entitled to attorney fees for the appeal. Recovery will be allowed only in the limited class of cases where there is a representative or derivative suit brought for the benefit of the entire organization or where there are other circumstances in which equitable relief would in effect be denied or severely inhibited unless the plaintiff who prevails in the suit is awarded attorney fees."

Whether that *dictum* can be squared with the subsequent cases is debatable. But, even assuming that it constitutes a correct statement of the law, it does not aid defendant. Defendant fails entirely to explain what are the "circumstances in which equitable relief would be effectively denied or severely inhibited" without an award of attorney fees. Its sole argument is that it incurred significant attorney fees in its attempt to disqualify Schwabe and that to deny it an award of fees would leave it with a "hollow victory." The same could be said of virtually any motion in virtually any case, however. Whatever the *dictum* in *Gilbert* may be said to require, certainly it is more than the fact that the requesting party incurred attorney fees in obtaining the relief it requested.

Reversed.