Argued and submitted March 19, affirmed September 17, 2003

## BARLOW TRAIL MOBILE HOME PARK,
*Appellant,*

*v.*

## Richard DUNHAM,
*Respondent.*

### FED 0009363; A116750

76 P3d 1146

Gary Abbott Parks argued the cause and filed the briefs for appellant.

Craig P. Colby argued the cause for respondent. With him on the brief was Wall & Colby.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Plaintiff appeals from a judgment awarding attorney fees to defendant in an action under the Oregon Residential Landlord and Tenant Act (RLTA). The issue is whether the trial court erred in designating defendant as the prevailing party under ORS 90.255 and awarding him attorney fees. After a trial in which it found for defendant on plaintiff's ejectment claim and for plaintiff on defendant's counterclaim for retaliation, the trial court designated defendant as the prevailing party. We conclude that the trial court erred in designating defendant as the sole prevailing party. Both plaintiff and defendant defeated the claims raised against them and therefore both are prevailing parties under the statute. We nevertheless affirm the judgment because plaintiff failed to assign error to the court's failure to designate it as the prevailing party and therefore has no predicate for seeking an award of attorney fees in its favor on remand.

Defendant leased space for his mobile home from plaintiff. Plaintiff filed an ejectment action against defendant. Defendant counterclaimed for retaliation. The trial court found for defendant on the ejectment claim and for plaintiff on the counterclaim for retaliation. Based on that result, the trial court said that it considered defendant to be the prevailing party in the action and asked him to submit a statement for attorney fees in accordance with ORCP 68, which he did. Plaintiff filed an objection to the statement in which it contended that the trial court's disposition of both parties' claims meant that neither party had prevailed in the action, making it improper to award attorney fees under ORS 90.255 to defendant. At the hearing on the objection, defendant argued that, under the Supreme Court's decision in *Wilkes v. Zurlinden*, 328 Or 626, 984 P2d 261 (1999), both parties were prevailing parties and were entitled to recover attorney fees under ORS 90.255. Defendant further suggested that an allocation of fees based on the proportion of time and effort spent on the issues on which each party had prevailed would produce the correct result. Plaintiff specifically rejected defendant's analysis. The trial court awarded defendant attorney fees.

■ ORS 90.255 provides:

"In any action on a rental agreement or arising under [the RTLA], reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

The definition of prevailing party in ORS 90.255 is essentially identical to the definition of prevailing party in ORS 20.096(5) (1999) that applied in *Wilkes* to the award of attorney fees in a contract action.[1] *Wilkes* involved an action in which both plaintiffs and defendants asserted contract claims against each other under a single contract and no party received any relief on its claims. In those circumstances, the court held that the definition of prevailing party in the latter statute meant that the defendants were the prevailing parties on the plaintiffs' claims and the plaintiffs were the prevailing parties on the defendants' counterclaims and, as a consequence, that both the plaintiffs and the defendants were entitled to recover attorney fees under the statute on the claims on which they had prevailed. *Wilkes*, 328 Or at 632-34.

Nothing about the text of ORS 90.255 and ORS 20.096(5) (1999), in context, suggests that there is a basis to conclude that the meaning of "prevailing party" differs between the two statutes. We conclude, therefore, that the trial court erred in treating defendant as the sole prevailing party in this action. As in *Wilkes*, both plaintiff and defendant prevailed on the claims that were asserted against them and, under ORS 90.255, both are prevailing parties who can recover attorney fees on the claims on which they prevailed.

■ However, as noted above, defendant proposed that the trial court apply the principle established in *Wilkes* and treat both parties as prevailing parties on the claims on which they had prevailed. Plaintiff specifically rejected that

---

[1] ORS 20.096(5) (1999) provided:

"Except as provided in ORS 20.015, as used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

analysis, arguing that neither party should be considered to be a prevailing party. On appeal, plaintiff assigned error to the award of attorney fees to defendant, reiterating its argument that neither party had prevailed and, consequently, that neither party was entitled to recover attorney fees. Although plaintiff argued in its reply brief that, if the principle established in *Wilkes* applied to ORS 90.255, then we should reverse the attorney fee award and remand for the trial court to make a proper award under ORS 90.255, plaintiff's request to apply the correct analysis comes too late. It did not assign error to the trial court's failure to designate plaintiff as a prevailing party and thus asserted no basis for receiving attorney fees. It simply opposed any award of attorney fees to defendant. Under those circumstances, we cannot hold that the trial court erred in awarding attorney fees to defendant and in failing to award attorney fees to plaintiff.[2]

Affirmed.

---

[2] Our decision is consistent with *Brennan v. La Tourelle Apartments*, 184 Or App 235, 56 P3d 423 (2002), which held that ORS 90.255 requires there to be at least one prevailing party in every RLTA action and that the defendant is the prevailing party when the plaintiff's claims are dismissed. Here, because the court dismissed plaintiff's ejectment claim and defendant's retaliation counterclaim, there were two prevailing parties in the action: defendant on plaintiff's claim and plaintiff on defendant's counterclaim.