## Jan LeBRUN
and Terri Rudnick,
*Respondents - Cross-Appellants,*

*v.*

## CAL-AM PROPERTIES, INC.,
a California corporation,
dba King Village Mobile Home Park;
and Brand-Broadway Associates,
a California limited partnership,
*Appellants - Cross-Respondents.*

## C01-2581CV; A121146

106 P3d 647

Charles M. Greeff argued the cause and filed the briefs for appellants - cross-respondents.

Mark G. Passannante argued the cause for respondents - cross-appellants. On the brief was Philip Yates. On the cross-reply brief was Mark G. Passannante.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

This case arises from disputes between two tenants of a manufactured home park and their landlord, but the appeal largely concerns the attorneys and their fees. The tenants each sued defendants (landlord)[1] for breach of a rental agreement and for unlawful entry under ORS 90.322, a provision of the Oregon Residential Landlord Tenant Act (ORLTA), ORS 90.100 to 90.875. Landlord counterclaimed against both tenants: Against Rudnick, it asserted that, under the terms of the rental agreement, she owed defendant fees for late payment of rent; against LeBrun, landlord sued in *quantum meruit* for the cost of a post that landlord had installed to protect a part of LeBrun's dwelling that LeBrun allegedly had damaged. Landlord successfully defended against both tenants' breach of rental agreement claims and against Rudnick's unlawful entry claim but lost both its counterclaims and the unlawful entry claim asserted by LeBrun.[2]

LeBrun and landlord petitioned for attorney fees and costs under ORCP 68 as well as for enhanced prevailing party fees under ORS 20.190(3). The trial court denied attorney fees to landlord for its successful defense against the breach of contract claims but awarded it enhanced prevailing party fees against both tenants on those claims. The court also awarded attorney fees to both tenants—to LeBrun for successfully defending against landlord's counterclaims for *quantum meruit,* and to Rudnick for successfully defending against landlord's counterclaim for late fees.

Landlord asserts five assignments of error. It argues that the trial court erred in (1) awarding damages to LeBrun under ORS 90.725(6) because, according to landlord, that statute does not permit a damages action unless the plaintiff also (or first) sues for injunctive relief or termination of the rental agreement; (2) refusing to award landlord's requested attorney fees for successfully defending against tenants' breach of contract claims; (3) awarding compensation for only

---

[1] Two defendants bring this appeal, Cal-Am Properties, Inc., and Brand-Broadway Associates. We refer to them collectively as "landlord."

[2] A tabular summary of the parties, issues, and outcomes appears below, 197 Or App at 182.

four hours for landlord's successful defense against Rudnick's unlawful entry claim instead of the 61 hours that landlord requested; (4) awarding attorney fees to Rudnick for successfully defending against landlord's counterclaim when Rudnick failed to file a fee petition under ORCP 68 C; and (5) awarding attorney fees to LeBrun for successfully defending against landlord's *quantum meruit* counterclaim.

Tenants cross-appeal, assigning error to (1) the trial court's determination that landlord was a prevailing party with respect to tenants' breach of rental agreement claims; and (2) the trial court's award of enhanced prevailing party fees against tenants.

## I. DAMAGES UNDER ORS 90.725(6)

■ We first consider whether ORS 90.725, which limits a landlord's right to enter leased premises, permits a tenant to bring an action for damages when the tenant does not also seek injunctive relief or termination of a lease. The remedy provision of the unlawful entry statute is ORS 90.725(6). It provides:

> "If the landlord makes an unlawful entry or a lawful entry in an unreasonable manner or makes repeated demands for entry otherwise lawful but that have the effect of unreasonably harassing the tenant, the tenant may obtain injunctive relief to prevent the reoccurrence of the conduct or may terminate the rental agreement pursuant to ORS 90.620(1). In addition, the tenant may recover actual damages not less than an amount equal to one month's rent."

The parties dispute the meaning of the phrase "[i]n addition." Landlord argues that the phrase means that a tenant may bring an action for damages only if he or she also brings an action for lease termination or an injunction. In other words, landlord reads the second sentence of the subsection to mean that "the tenant may recover actual damages" but *only* in addition to injunctive relief or termination. Tenants, on the other hand, argue that each remedy is individually and separately available, that is, that the statute does not preclude an action only for damages; tenants read the second sentence

of the subsection to mean that "the tenant has the additional option of recovering actual damages."

We agree with tenants. Their reading of the text is considerably less strained than landlord's. The phrase "in addition" is not an unusual or technical term. In normal discourse, it would not be used as landlord would have us use it here. A typical speaker of American English would understand the phrase, "You may choose an apple or an orange. In addition, you may choose a banana," to mean that he or she could choose any of the three fruits—and not that the phrase conditions the hearer's ability to choose a banana on also choosing either an apple or an orange. The latter option would more typically be phrased, "You may choose an apple or an orange. In addition, if and only if you choose one of those, you may have a banana."

Recourse to the dictionary confirms the matter. *Webster's Third New International Dictionary* does not define the phrase "in addition." Under the entry for the word "addition," however, the dictionary lists the phrase "in addition" and directs the reader to a synonymous cross-reference for that phrase. *Webster's Third New Int'l Dictionary* 24 (unabridged ed 2002). The cross-reference points to specific definitions for the term "besides," which are "in addition" or "over and above." *Id.* at 207. If substituted for "in addition" in ORS 90.725(6), the terms "besides" or "over and above" would function to signify a third option in a series: "tenant may terminate the lease, seek an injunction; besides (or, over and above) those, tenant may sue for actual damages."

Finally, the statute's legislative history is instructive. The phrase "in addition" entered ORS 90.725(6) in 1985; before that time, the predecessor statute, ORS 91.860, provided:

> "If the landlord makes an unlawful entry * * * the tenant may obtain injunctive relief to prevent the reoccurrence of the conduct or may terminate the rental agreement. *In either case* the tenant may recover actual damages * * *."

(Emphasis added.) In 1985, the legislative assembly replaced the phrase "[i]n either case" with "[i]n addition." Or Laws 1985, ch 588, § 9. The author of the change told the House

Judiciary Committee that its purpose was to ensure that tenants had a damages remedy whether or not they also sought injunctive relief or lease termination:

> "SECTION 9 clarifies existing law on the part of both landlords and tenants that remedies in damages under the abuse of access remedy statute (ORS 91.860) are not conditioned upon obtaining injunctive relief or terminating a rental agreement. In other words, neither party need go to court to get an injunction to retain the right to recover damages for any losses caused by the other party's violation of their obligations regarding access to a tenant's unit."

Testimony, House Judiciary Committee, HB 2628, Apr 2, 1985, Ex E (statement of Michael H. Marcus). That amendment passed without further change and, although the statute's number has changed, the text has not. Thus, based on its text and its legislative history, we conclude that, under ORS 90.725(6), a tenant may seek damages regardless of whether she or he also seeks an injunction or lease termination, and the trial court did not err in so ruling.

## II.   ATTORNEY FEES

This case encompasses four claims and two counterclaims. A brief tabular summary of them, their outcomes, and fee awards at trial may be helpful in the discussion that follows:

| Parties | Issue | Outcome | Fee award |
| --- | --- | --- | --- |
| LeBrun v. landlord | breach of contract | landlord wins; no damages | no atty fee; $5,000 prevailing party fee |
| Rudnick v. landlord | breach of contract | landlord wins; no damages | no atty fee; $5,000 prevailing party fee |
| LeBrun v. landlord | unlawful entry | LeBrun wins; $2,060 damages | LeBrun awarded atty fees |
| Rudnick v. landlord | unlawful entry | landlord wins; no damages | landlord awarded 4 hours attorney fees |
| landlord v. Rudnick (counterclaim) | late payment penalty | Rudnick wins; no damages | Rudnick awarded attorney fees |
| landlord v. LeBrun (counterclaim) | *quantum meruit* | LeBrun wins; no damages | LeBrun awarded attorney fees |

A.  *Landlord's attorney fees for prevailing on the breach claims*

Landlord contends that the trial court erred in not awarding it attorney fees for successfully defending against each tenant's breach of contract claim. Because landlord's success occurred in the context of other claims, however, we must first determine whether each claim can be treated in isolation or whether each must be evaluated in the context of all the other claims—in other words, whether (as landlord contends) each claim has a prevailing party and accompanying attorney fee or (as tenants contend) the entire action can produce only a single "prevailing party" and consequently only a single fee award.

That inquiry, in turn, requires us to determine whether attorney fees in this case are governed by the parties' contracts or by statute. The rental agreement states:

"ATTORNEY FEES, COSTS AND DISBURSEMENTS. In any action under this Agreement, and upon appeal to higher courts, the prevailing party shall be entitled to an award of reasonable attorney fees from the losing party, together with costs and necessary disbursements."

That provision would warrant an award of fees to landlord as a prevailing party in the contract claims if those claims were the only ones involved. Here, however, the parties litigated claims for both breach of contract and violations of ORLTA. The fee provision of that act, ORS 90.255, states:

"In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

The statute, then, requires consideration of *all* claims for which fees are permitted under ORLTA or a rental agreement and, in that respect, differs from the contract provision.

In general, Oregon courts "will not enforce a contract that conflicts with a statute where the purpose of the statute is to protect the public." *Pacific First Bank v. New Morgan*

*Park Corp.*, 319 Or 342, 359-60, 876 P2d 761 (1994). ORLTA is such a statute. More particularly, ORS 90.255, by its terms, evinces a legislative intent to subsume all landlord-tenant contract disputes under the landlord-tenant act: The statute applies "[i]n any action on a rental agreement or arising under this chapter." ORS 90.255. Further, giving effect to the rental agreement would in essence permit parties to opt out of the statutory rule contrary to the rule itself, which, again by its own terms, applies "notwithstanding any agreement to the contrary." We conclude that the attorney fee issues in this case are governed by ORS 90.255.

Several cases from this court construe that statute. In *Torbeck v. Chamberlain*, 138 Or App 446, 449, 910 P2d 389, *rev den*, 323 Or 265 (1996), the plaintiff landlord brought seven claims, and the defendant tenant asserted 13 counterclaims. The plaintiff's claims alleged breach of the rental agreement and various torts, and the defendant's counterclaims included ORLTA violations. Both parties were awarded damages on some claims, but the defendant won a net award of approximately $500. *Id.* at 454. The trial court declined to award fees to the defendant. *Id.* On appeal, relying on *Executive Mgt. Corp. v. Juckett*, 274 Or 515, 547 P2d 603 (1976), we explained that "normally, a 'prevailing party' [under ORS 90.255] would be entitled to recover attorney fees, barring unusual circumstances which might arise in any particular case." *Torbeck*, 138 Or App at 454 (quoting *Executive Mgt. Corp.*, 274 Or at 519). Explaining that there was "nothing inconclusive" about a situation in which one party wins a net award in its favor, we held that the defendant was the prevailing party and entitled to fees. *Id.*

In *Stocker v. Keith*, 178 Or App 544, 546-47, 38 P3d 283 (2002), the plaintiffs brought a number of claims against their landlord for violation of ORLTA and the Unlawful Trade Practices Act (UTPA). 178 Or App at 546-47. The landlord brought no counterclaims, but it did deny all claims, and both parties alleged entitlement to fees. *Id.* at 546. The trial court entered judgment in favor of the plaintiffs on two ORLTA claims and one UTPA claim. *Id.* The court declined to award fees under ORS 90.255 for the ORLTA claims, reasoning that the outcome was a "wash." *Id.* On appeal, the defendants argued that the trial court correctly declined to award

fees "in light of the fact that both sides prevailed on various claims" because the landlord raised successful defenses. *Id.* at 547. Citing *Torbeck*, we reversed, holding that ORS 90.255 "defines a 'prevailing party' as the one in whose favor final judgment is rendered. Even when all parties 'prevail' on some claims, when the final judgment is entered in favor of one party, that party has 'prevailed' within the meaning of the statute." *Id.* at 548. Thus, because the plaintiffs prevailed on two ORLTA claims and "judgment was entered in their favor for a specific amount," the plaintiffs were the sole "prevailing parties" within the meaning of ORS 90.255. *Id.*

■    Applying that logic to this case, tenants argue that LeBrun, who won a net award in her favor, was the prevailing party under ORS 90.255 as to her dispute with landlord. Tenants further argue that, as to the dispute between Rudnick and landlord, neither party prevailed because, although landlord succeeded in defending against Rudnick's breach of rental agreement and unlawful entry claims and Rudnick succeeded in defending against landlord's counterclaim for late fees, no money judgment was entered in favor of either party. According to Rudnick, the result represents the "unusual circumstances" that should disallow an award of attorney fees to any party under ORS 90.255 and *Executive Mgt. Corp.*

We agree with tenants' contention regarding the dispute between landlord and LeBrun. *Torbeck* and *Stocker* clearly apply. *See also Newell v. Weston*, 156 Or App 371, 376, 965 P3d 1039 (1998), *rev den*, 329 Or 318 (1999) ("prevailing party" under ORS 20.096 regarding reciprocal contractual attorney fees is party "who prevails on the claims that are subject to" the statute). LeBrun prevailed in that dispute, and the trial court did not err in denying landlord's attorney fee request.[3]

---

[3] Under *Torbeck* and *Stocker*, we consider all of the claims brought under ORS 90.255 to determine which party prevailed. In the present case, landlord's claim against LeBrun for *quantum meruit* was not brought under ORS 90.255. LeBrun prevailed, but because no damages resulted, we need not consider whether that claim should be included in determining the overall prevailing party as between LeBrun and landlord.

■     A different rule applies, however, with regard to the dispute between landlord and Rudnick. As noted, in that dispute, neither party received damages. That situation presents what might be seen as an exception to the general rule that, for purposes of attorney fees, there can be only one prevailing party under any statute.

The rule in such a situation derives from *Wilkes v. Zurlinden*, 328 Or 626, 984 P2d 261 (1999), a case construing the term "prevailing party" under ORS 20.096, and *Barlow Trail Mobile Home Park v. Dunham*, 189 Or App 513, 516, 76 P3d 1146 (2003), which explicitly adopted the *Wilkes* definition for purposes of ORS 90.255, the statute governing this case. In *Wilkes*, the court determined that, when each of two parties successfully defends against the other's claims but neither is granted relief, *both* parties could be considered "prevailing parties":

> "Reference to 'the' prevailing party in ORS 20.096(1) and in ORS 20.096(5) does not exclude the possibility of more than one prevailing party when there is both a claim and a counterclaim on a contract and each party succeeds in defeating the other party's claim for relief."

328 Or at 633. In the context of a fee dispute under ORLTA, *Barlow* invokes *Wilkes* and states:

> "The definition of prevailing party in ORS 90.255 is essentially identical to the definition of prevailing party in ORS 20.096(5) (1999) that applied in *Wilkes* to the award of attorney fees in a contract action. * * * Nothing about the text of ORS 90.255 and ORS 20.096(5) (1999), in context, suggests that there is a basis to conclude that the meaning of 'prevailing party' differs between the two statutes."

189 Or App at 516. Based on those authorities, we agree with landlord that it is a "prevailing party" as to Rudnick's breach of rental agreement claims under ORS 90.255 because it successfully defended against those claims.

B.   *Landlord's prevailing party fee awards*

Although the trial court did not award attorney fees to landlord, it did award landlord $5,000 in enhanced prevailing party fees against each tenant on the breach of contract claims, based apparently on the court's conclusion that

the statute of limitations had run on those claims. On cross-appeal, tenants raise several arguments to the effect that such an award was not lawful. We partially agree.

ORS 20.190(3) provides that "in any civil action * * * in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee" and provides a list of factors to guide the court's exercise of discretion in doing so.[4]

■     Tenants first contend that the trial court erred in awarding an enhanced prevailing party fee because, under ORS 20.190(1), that fee is recoverable only "as a part of the costs and disbursements." Thus, according to tenants, the court is not authorized to award an enhanced prevailing party fee unless an award of costs is also made. We disagree. ORS 20.190(1) provides, "Except as provided in subsections (2) to (5) of this section, a prevailing party in a civil action * * * has a right to recover, as part of the costs and disbursements," certain additional amounts ranging from $60 to $100. The fees at issue in this case, however, are *enhanced* prevailing party fees, governed not by subsection (1) but by subsection (3), quoted above. In that subsection, the fees are not "part of the costs and disbursements" and so "costs and disbursements" are not a prerequisite to an award.

---

[4] The factors are:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) Any award of attorney fees made to the prevailing party as part of the judgment.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

■ ■     Tenants' chief argument is that landlord cannot receive enhanced prevailing party fees because it was not a prevailing party. Determination of who is a "prevailing party" for the purposes of ORS 20.190 does not differ from the determination of who is a "prevailing party" for the purpose of awarding an entitlement to fees under the pertinent statute or contract. *See, e.g., Stocker,* 178 Or App at 549. Because landlord was not a "prevailing party" with respect to its dispute with LeBrun, it is not entitled to an enhanced prevailing party award under ORS 20.190, and the trial court erred in making that award.

■     In the dispute between landlord and Rudnick, both parties prevailed under the standard of *Wilkes* and *Barlow.* Thus, either may be entitled to an enhanced prevailing party fee award if the award is warranted under the factors listed in ORS 20.190(3). Because the court's findings were made on the assumption that landlord alone was the "prevailing party" in tenants' breach of contract action under the court's claim-by-claim approach, we remand so that the court may determine whether an enhanced prevailing party fee is warranted as to the dispute between landlord and Rudnick in its entirety.

C.   *Landlord's attorney fee award for prevailing against Rudnick's unlawful entry claim*

■     The trial court awarded landlord attorney fees for four hours' of service for prevailing against Rudnick's unlawful entry claim. Landlord appeals, arguing that it deserved fees for 61 hours. Reviewing for abuse of discretion, ORS 20.075(3), we conclude that we must remand to the trial court for a more detailed explanation of its award. At trial, the court offered only the following cryptic explanation for not allowing a larger attorney fee award: "That was de minimis, as far as I'm concerned[.]" The record does not indicate an antecedent for "that," which could refer to the effort required, the actual effort expended, or something else. Under ORS 20.075, the trial court must consider a series of factors in making a fee award authorized by statute. The "de minimis" comment may have expressed the court's evaluation of one of the statutory criteria, "[t]he time and labor required * * *, the novelty and difficulty of the questions involved * * *, and the

skill needed to properly perform the legal services," ORS 20.075(2)(a), or a single factor within that provision; no statutory provision was described or cited.

■■ Under *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *adh'd to on recons*, 327 Or 185, 957 P2d 1200 (1998), the trial court is required to make findings that are sufficient to explain the fee determination and permit review in this court. The findings need not be complex or lengthy, and they "may be made in *any* terms clear enough to permit meaningful review." *Wright v. Jones*, 155 Or App 249, 253, 964 P2d 1048 (1998) (emphasis in original). Descriptions of (or citation to) the factor or factors involved is sufficient. *McCarthy*, 327 Or at 188. Because the trial court's terse findings do not explain its evaluation of the applicable factors that resulted in the award, we remand for entry of explicit findings under *McCarthy*.

Moreover, as we explain above, landlord and Rudnick are both entitled to attorney fees under ORS 90.255 because, under *Wilkes* and *Barlow*, both prevailed. Using a claim-by-claim analysis of who "prevailed" under ORS 90.255, the trial court awarded landlord attorney fees on Rudnick's unlawful entry claim only. On remand, the court should consider landlord's fees with respect to the entire set of claims and counterclaims involved in landlord's dispute with Rudnick.

D. *Rudnick's attorney fee award on landlord's late fee claim*

■ The trial court awarded attorney fees to Rudnick based on her successful defense against landlord's claim for late rent payment fees. Landlord argues that Rudnick cannot receive attorney fees on that claim because she failed to file a fee petition as required by ORCP 68 C(4), which provides that

"[a] party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to Rule 67 * * * [f]ile with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements * * * and [s]erve * * * a copy of the statement on all parties * * *."

The record indicates that Rudnick neither filed nor served a fee statement requesting fees for her claim. The trial court's

award of fees to Rudnick when no fee petition was filed was error.

E. *LeBrun's attorney fee award for prevailing against landlord's* quantum meruit *claim*

■ In its fifth assignment of error, landlord maintains that the court erred in awarding attorney fees to LeBrun for successfully defending against landlord's counterclaim for *quantum meruit* because no contractual or statutory basis for that award exists. LeBrun responds that courts of equity have inherent power to award attorney fees, and, in the alternative, that ORS 36.425(4) permits the award. That statute provides for awards against a party that seeks *de novo* review of an arbitration award and does not better its position. We agree with landlord.

■ Courts of equity have inherent power to award attorney fees to a party under very limited circumstances. Among other things, the proceeding must be one in which the prevailing party has vindicated an important constitutional right shared with the public at large. *Columbia Forest Products v. Aon Risk Services*, 164 Or App 586, 589, 993 P2d 820 (1999) (citing *Deras v. Myers*, 272 Or 47, 65-66, 535 P2d 541 (1975)). This is, by no stretch of the imagination, such a case. The equitable claim vindicated, if anything, LeBrun's position regarding damage inflicted on a post.

Nor is the award of fees on the *quantum meruit* counterclaim authorized by the rental agreement. The fee provision in the rental agreement permits an award of fees to the prevailing party only in disputes "arising under this agreement." The rental agreement contains a generic and unilateral provision requiring tenants to "be responsible for and pay all damages caused by the acts of tenant, other occupants of tenant's space, guests and visitors," but that provision has no bearing on landlord's alleged independent agreement to exchange an installation of a crash post for tenant's promise to replace an awning strut.

Finally, LeBrun argues that a fee award on the *quantum meruit* counterclaim was warranted under ORS 36.425(4) and (5), which permit an award of fees in certain circumstances when a party requests a trial *de novo* for civil

matters that have been arbitrated.[5] A pleading defect precludes this argument. Under ORCP 68 C(2)(a),

> "[a] party seeking attorney fees shall allege the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is alleged as provided in this subsection."

LeBrun failed to provide any basis to claim attorney fees in her reply, which addressed the counterclaims alleged in landlord's "amended answer to plaintiffs' amended complaint." The reply stated only that "plaintiff pray [*sic*] * * * [t]hat plaintiff's [*sic*] be awarded their attorney fees and costs as to [the counterclaims]." Although we have held that, under certain circumstances, it is "not necessary to specify the statutory basis of a request for fees when the facts asserted would provide a basis for an award of fees," *Page and Page*, 103 Or App 431, 434, 797 P2d 408 (1990), LeBrun alleged no facts that would provide a basis for an award of fees under ORS 36.425.

In sum, the trial court erred because it lacked authority to make the award of fees to LeBrun for defending against landlord's *quantum meruit* counterclaim. On remand, the trial court must determine the amount of fees attributable to the *quantum meruit* claim and deduct those from the fee award.

---

[5] ORS 36.425(4) provides, in part:

"If a party requests a trial de novo * * *, the action is subject to arbitration under ORS 36.405(1)(a), the party is not entitled to attorney fees by law or contract, and the position of the party is not improved after judgment on the trial de novo, pursuant to subsection (5) of this section, the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator."

ORS 36.425(5) states, in part:

"If a party is entitled to an award of attorney fees solely by reason of subsection (4) of this section, the court shall award reasonable attorney fees not to exceed the following amounts:

"* * * * *

"(b) Twenty percent of the judgment, if the defendant requests the trial de novo but the position of the defendant is not improved after the trial de novo."

On appeal, award of attorney fees for Rudnick reversed; award of attorney fees to LeBrun vacated and remanded with instructions to delete amount based on *quantum meruit* claim. On cross-appeal, award of enhanced prevailing party fee against LeBrun reversed; award of enhanced prevailing party fee against Rudnick vacated and remanded. Otherwise affirmed on appeal and cross-appeal.