Argued 30 January, decided 19 March, 1907.

### PACIFIC TELEPHONE CO. *r.* SALEM.

89 Pac. 145.

PRACTICE IN GRANTING INJUNCTIONS—BURDEN OF PROOF.

1. Courts will proceed cautiously in granting injunctions and should not grant them at all in doubtful cases, the burden of proof being with the plaintiff.

SAME—CASE UNDER CONSIDERATION.

2. A city granted to plaintiff, a telephone company, the right to use the streets and alleys for 50 years, the wires to be strung on poles above ground or laid under ground, as plaintiff might elect, in consideration of which the city was to use the poles, etc., free for fire alarm purposes, and

plaintiff was to furnish the fire department and city officers with telephones without charge. Thereafter, in settlement of a dispute, it was agreed between plaintiff and the city that plaintiff should pay the city $200 annually for 10 years during which the city should not grant any franchise for a telephone system on terms more favorable than those granted plaintiff. During the term the city granted defendant a 25-year franchise; it being required that all lines and wires except house wires be placed under ground, and that defendant after the first year should pay 1 per cent on its gross annual receipts to the city, furnish and keep in repair five telephones for the use of the city, and that defendant should not, without the consent of the city, transfer the franchise or plant. *Held,* that an injunction would not issue to restrain defendant from acting under the franchise. as under the facts it was doubtful as to which franchise was the most favorable.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit for an injunction by the Pacific States Telephone & Telegraph Co. against the City of Salem and Chas. E. Sumner. In 1884, the City of Salem granted to George S. Ladd, his associates and assigns, a 50-year franchise to erect, maintain and operate in the city a telephone system, and to use the streets, alleys and thoroughfares therefor, the wires to be strung on poles or other fixtures above ground or laid under ground in pipes, as the grantee might elect, in consideration of which the city was to use the poles and conduits free for fire alarm and police telegraph, and the grantee was to furnish the fire department with telephones in the engine houses and in the city hall free of charge. The plaintiff is the successor in interest of Ladd. In 1901, a controversy arose between it and the city respecting certain fees or taxes, in the settlement of which it was agreed that the company should pay to the city $200 annually for 10 years, and the city should not during such term grant any franchise for a telephone system upon terms more favorable than those under which plaintiff operated and maintained its system. In November, 1905, the city council granted to the defendant Sumner a 25-year franchise for a telephone system, requiring that all main lines and wires (except necessary feed and house wires) within the fire district be placed under ground, and that the grantee should, after the first year, pay to the city 1 per cent on its gross annual receipts. and was

also to furnish, maintain and keep in repair five telephones for the use of the city. It was also provided that the grantee, or the corporation organized for the purpose of carrying on the telephone business, and to which he might assign the franchise, should not, without the consent of the city, sell or transfer the franchise or plant, and should not at any time enter into any contract, directly or indirectly, with any person, firm or corporation, concerning the rates to be charged for telephone service. The grantee was also required to give to the city a bond in the sum of $5,000, conditioned that he would, within 18 months, have in operation not less than 400 telephones. A few days after the granting of the franchise, this suit was commenced by the plaintiff against the city and Sumner, to enjoin the latter from constructing, maintaining or operating his proposed system, on the ground that the franchise granted to him was more favorable than the one under which the plaintiff is operating, and therefore in violation of the contract referred to between it and the city. Upon the trial the suit was dismissed, and the plaintiff appeals.                                AFFIRMED.

For appellant there was a brief over the names of *Charles Henry Carey* and *Carson & Cannon*, with oral arguments by *Mr. Carey* and *Mr. John A. Carson*.

For respondents there was a brief over the names of *Alexander King Wilson, O. A. Neal* and *A. O. Condit*, with an oral argument by *Mr. Wilson*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. An injunction is an extraordinary remedy, and will not be granted when the evidence is so conflicting as to make the right to it doubtful: *Taylor* v. *Welch*, 6 Or. 198; *Tongue* v. *Gaston*, 10 Or. 328. "The burden of proof," says LORD, J., in *Tongue* v. *Gaston*, "in such case being on the plaintiff, he must clearly establish the essential allegations of his complaint."

2. The plaintiff grounds its right to the relief on the contention that the franchise to Sumner is more favorable in its terms than the one under which it operates. The burden of proof is

upon it to establish this fact by satisfactory evidence, and this, in our opinion, it has not done. The two franchises differ so essentially that it is practically impossible to determine with any degree of certainty whether one is more favorable than the other. The plaintiff's franchise is for 50 years, the defendant's for 25. The plaintiff may support its wires on poles within the fire district, while the defendant is compelled to put his under ground, which is admittedly more expensive. The plaintiff has to furnish three telephones, and the defendant five. The plaintiff has to pay $200 a year for 10 years, and the defendant 1 per cent on gross receipts during the lifetime of the franchise, except for the first year. The principal contention of the plaintiff is that the payment of $200 a year for 10 years is more burdensome than the payment of 1 per cent on the gross receipts of the defendant for 24 years; but this necessarily depends upon so many future contingencies that any consideration of the question is mere conjecture, and too speculative to justify a resort to the extraordinary remedy of injunction.

The decree is affirmed.                              AFFIRMED.