Argued and submitted January 11, reversed in part, affirmed in part May 9, reconsideration denied June 29, petition for review denied August 8, 1984 (297 Or 547)

## MILLSAP,
*Respondent,*

*v.*

## EUGENE CARE CENTER, INC. et al,
*Appellants.*

(16-81-07030; CA A27614)

682 P2d 795

Randall Bryson, Eugene, argued the cause for appellants. With him on the briefs was Calkins & Calkins, and Bryson & Bryson, Eugene.

Martha L. Walters, Eugene, argued the cause for respondent. With her on the brief was Leslie M. Swanson, Jr., and Harrang, Swanson, Long & Watkinson, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendants appeal from a judgment awarding plaintiff damages and attorney fees and enjoining them to reemploy her. We reverse the order to reemploy plaintiff and otherwise affirm.

In February or March, 1979, plaintiff was hired as a licensed practical nurse at defendant Eugene Care Center, Inc., (Care Center) by Sharon Martineau, who was then director of nursing at the facility. Later in 1979, defendant Balderas replaced Martineau as nursing director. In August, 1980, defendant Terry was employed as administrator of the facility.

During plaintiff's employment at the Care Center, other nurses complained about her job performance. On March 12, 1981, plaintiff, Balderas and several other nursing staff members met in Terry's office to discuss the complaints. After that meeting, Terry concluded that plaintiff was not in a frame of mind to work with patients that day, and he and Balderas decided to require plaintiff to procure a psychiatrist's report that she was competent to work in the facility before she could return to duty. When plaintiff failed to procure such a report, Terry directed Balderas to send plaintiff a termination notice. The notice related events precipitating the decision to require the psychiatric report but did not mention that requirement. It did recite that plaintiff at one time had brought a gun into the facility, which was a violation of a specific rule. According to Terry, he gave plaintiff a separate oral notice of termination solely for bringing the gun onto the premises.

Plaintiff alleged three claims for relief in this action: (1) that defendants committed an unlawful employment practice in violation of ORS 659.330[1] by requiring her to furnish a

---

[1] ORS 659.330 provides, in pertinent part:

"(1) It is an unlawful employment practice for any employer to require an employe, as a condition of continuation of employment, to pay the cost of any medical examination or the cost of furnishing any health certificate.

"(2) Notwithstanding subsection (1) of this section, it is not an unlawful employment practice for an employer to require the payment of medical examina-

medical health certificate and to pay the costs thereof; (2) that defendants breached the employment agreement which provided for immediate dismissal only for violation of facility rules; and (3) that defendants committed an unlawful employment practice in violation of ORS 659.425(1)(c)[2] in terminating her because she was regarded as being mentally impaired. Under her first and third claims for relief, she sought back wages in the amount of $14,543, general damages in the amount of $25,000, reinstatement to the position she held at the time of her dismissal and attorney fees. Under her second theory, she sought lost wages of $14,543. The jury returned a general verdict against defendants for damages in the amount of $39,543.

After a post-trial hearing on the issues of reinstatement and attorney fees, the trial court entered its judgment awarding damages in the amount found by the jury together with attorney fees and enjoining defendants to reemploy plaintiff. Defendants appeal, claiming that the trial court erred in: (1) ordering defendants to reemploy plaintiff; (2) awarding attorney fees; (3) denying their motion for a directed verdict on plaintiff's contract claim; (4) giving one of plaintiff's requested jury instructions and failing to give two of defendants' requested jury instructions; (5) receiving in evidence an exhibit of plaintiff's computation of her estimated lost wages; and (6) refusing their motion for a mistrial and refusing to hear testimony concerning jury misconduct. We discuss only the first assignment of error. We have examined the remaining assignments and find them to be without merit.

---

tion or health certificate costs:

"(a) From health and welfare fringe benefit moneys contributed entirely by the employer; or

"(b) By the employe if the medical examination or health certificate is required pursuant to a collective bargaining agreement, state or federal statute or city or county ordinance."

[2] ORS 659.425(1)(c) provides:

"(1) For the purpose of ORS 659.400 to 659.435, it is an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges or employment because:

"* * * * *

"(c) An individual is regarded as having a physical or mental impairment."

Plaintiff's cause of action for reinstatement is predicated upon allegations of two separate unlawful employment practices, violation of ORS 659.330 and violation of ORS 659.425(1)(c). An award of injunctive and other equitable relief,[3] including reinstatement and back pay to a worker claiming those types of unlawful employment practices, is authorized by ORS 659.121(1):

> "Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.030, 659.035, 659.227, 659.270, 659.295, 659.330, 659.340, 659.410, 659.415, 659.420 or 659.425 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. * * * In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

Defendants contend that the trial court erred in ordering them to reemploy plaintiff, because it is impossible for them to do so. They maintain that the uncontroverted evidence establishes that ownership and management of what was the Care Center property has changed since the time plaintiff's employment was terminated, that neither individual defendant is now employed at that facility and that therefore none of the defendants is able to reinstate plaintiff to her former position. Treating the reinstatement order as a mandatory injunction, defendants challenge it on the ground that plaintiff did not carry her burden of proving that defendants have the ability to reemploy her. *See Pacific Telephone Co. v. Salem,* 49 Or 110, 112, 89 P 145 (1907). Plaintiff maintains that, once she established an unlawful employment practice, she was entitled to reinstatement unless defendants proved reinstatement was impossible and that defendants failed to do so.

Whether a plaintiff seeking reinstatement under ORS 659.425(1) must prove the employer's ability to reinstate her or whether the employer must prove its inability to

---

[3] Plaintiff's claim for severe emotional distress, damage to her reputation and other general damages in the sum of $25,000 also was based on the statutory violations alleged. Because defendants have not questioned whether the equitable remedies authorized by ORS 659.121(1) impliedly preclude an award of compensatory damages, we need not decide that issue.

reinstate such a plaintiff is a question that has not been addressed previously by this court. We now hold that impossibility of reinstatement is an affirmative defense and that the burden of establishing it rests on the employer. *See Nabors v. NLRB,* 323 F2d 686 (5th Cir), *cert den* 376 US 911 (1963). We must next determine whether defendants here have met their burden of proving that it was impossible for them to reinstate plaintiff to her former position. Because reinstatement to a former position is a type of remedy historically sought in equity, our review of the evidence is *de novo.*[4] *Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 618 P2d 15 (1980); ORS 19.125(3).

■ The evidence in the record establishes that, when plaintiff's employment with the Care Center was terminated in March, 1981, the Care Center facility was owned by three individuals, Vern Reynolds, Paul Everett and Michael Lee, and was managed through Truscan Corporation. At that time, defendant Terry was administrator and defendant Balderas was director of nursing. By the time of trial, however, the facility had been purchased by Beverly Enterprises and was no longer managed by Truscan Corporation. Neither Terry nor Balderas still worked there; Terry was employed at Twilight Acres Nursing Home, and Balderas was working at Good Samaritan Nursing Home. From that evidence, we conclude that none of the defendants has any interest, direction or control over plaintiff's former workplace. There is no evidence to suggest that the Care Center owns or operates any other

---

[4] Plaintiff argues that, because defendants failed to move for a directed verdict in the trial court on the issue of the sufficiency of the evidence regarding their ability to reinstate plaintiff, the issue is not properly before this court. In support of that contention, they cite *Brown v. D2S Resources,* 61 Or App 8, 656 P2d 946, *rev den* 294 Or 682 (1982), in which we stated that a party in a civil case, whether in law or equity, who has not asserted the legal insufficiency of the evidence in the trial court may not do so on appeal. 61 Or App at 12. That rule, however, reflects an interpretation of ORCP 54B(2), *see Falk v. Amsberry,* 290 Or 839, 844, 626 P2d 362 (1981), that is inapplicable here. In reference to equity cases, ORCP 54B(2) replaced *former* ORS 18.210 and *former* ORS 18.220 and is equivalent to the motion for dismissal based on insufficiency of the evidence that the party *without the burden of proof* could make under those provisions. Official Commentary to ORCP 54B(2) in Oregon Law Institute, 1980, Oregon Civil Procedure Rules, 160 (1979). In this case, impossibility of reinstatement is an affirmative defense; defendants had the burden of proof and presented evidence on that issue. It was not then incumbent upon them to test by motion the sufficiency of that evidence so as to preserve the issue for appellate review.

facility which could employ plaintiff, and we decline to speculate on that issue. Defendants have met their burden of proving that they are unable to reinstate plaintiff to her former position as a licensed practical nurse at the Care Center.

That portion of the judgment requiring defendants to reemploy plaintiff is reversed. In all other respects, the judgment of the trial court is affirmed.