Argued and submitted May 9, 1986, at Pendleton, Oregon, reversed and remanded on appeal and affirmed on cross-appeal March 11, reconsideration denied April 24, petition for review denied June 16, 1987 (303 Or 534)

# MUTUAL OF ENUMCLAW INSURANCE COMPANY,
*Appellant,*

*v.*

## HAMBLETON et al,
*Cross-Appellants,*

## FULLER et al,
*Respondents - Cross-Respondents.*

### (84-40; CA A36718)

733 P2d 948

Phillip A. Mendiguren, La Grande, argued the cause for appellant. With him on the briefs was Mendiguren & Peterkin P.C.

Carl G. Helm, La Grande, argued the cause for cross-appellants. With him on the briefs was Helm, Baum & Riedlinger, La Grande.

Wendell E. Gronso, Burns, argued the cause for respondents - cross-respondents Cindy Lou Fuller, Margaret Elaine Fuller, Angela K. Wright, North Pacific Insurance Company, and Oregon Automobile Insurance Company. On the brief was Edward C. Olson, Portland.

Tim J. Helfrich, Ontario, argued the cause for respondents - cross-respondents Bonita Elaine Hill, Amanda Hill (through guardian ad litem Bonita Elaine Hill), Helen M. Hill, Durward Hill. With him on the brief was Yturri, Rose, Burnham, Ebert & Bentz, Ontario.

Joel S. DeVore, Pendleton, argued the cause for respondent - cross-respondent State Farm Mutual Automobile Insurance Company. With him on the brief was Mautz & Hallman, Pendleton.

Before Warden, Presiding Judge, and Rossman and Deits, Judges.

DEITS, J.

**DEITS, J.**

In this action for declaratory relief, Mutual of Enumclaw Insurance Company (Enumclaw) seeks a determination of whether, under an automobile liability insurance policy which it issued to James and Theona Hambleton, it must provide coverage for an accident involving their vehicle.

During December, 1983, the Hambletons' teenage son, Daniel used the family's four-wheel drive car for personal transportation because of icy road conditions. On December 21, while he was working in a grocery store in Baker, Daniel gave the Blazer keys to his 14 year-old friend, Cindy Lou Fuller, so that she could listen to the radio and run the heater while waiting to meet Daniel on his break. Rather than just sitting in the car and listening to the radio, she took the car for a drive. She picked up her sister, Angela K. Wright. The car slid into the opposing lane of traffic while she was downshifting for a stopsign and collided with a car driven by defendant Bonita Hill. Bonita and her two passengers, defendants Amanda and Helen Hill, were injured. The owners of that car, Helen and Durward Hill, had liability insurance with State Farm Mutual Automobile Insurance Company. Cindy's mother, Margaret Fuller, had automobile insurance with North Pacific Insurance Company or its affiliate, Oregon Automobile Insurance Company. All of the insurance companies involved in this case are signatories to the so-called Lamb-Weston Agreement.[1]

The pertinent portion of the Enumclaw policy provides:

---

[1] The agreement has been called the "non-Lamb-Weston Agreement," "Lamb-Weston waiver" or "Lamb-Weston Agreement." We will call it by the latter name. It was voluntarily entered into by a group of insurance companies in response to *Lamb-Weston et al v. Ore. Auto. Ins. Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643 (1959), in which the Supreme Court established a formula applicable when there has been a loss and two insurers could each be liable for it in its entirety. The court held that, when "other insurance" clauses come into conflict, they are rejected *in toto* and the insurers bear liability in *pro rata* relation to their policy limits. In order to avoid application of that rule, the agreement provides:

"In any case wherein the owned automobile insured under a standard automobile policy with the usual [drive other car] coverage is involved in an accident while operated by a permissive driver individually insured in another company, the insurance on the car is primary and that of the driver is excess."

The validity of the agreement has never been adjudicated and is not at issue here.

"D.  Who is *INSURED*.

"1. With respect to *your* covered *car* the following are *insureds:*

"a. *You* and any *family member.*

"b. Anyone else using the *car* with *your* express permission."

Enumclaw sought declaration that Cindy Fuller is not an "insured" under its policy. Defendants answered and asserted various affirmative defenses, counterclaims and cross-claims, two of which are pertinent to this appeal: (1) North Pacific and the Hills argued that the provisions of the Lamb-Weston Agreement supersede any inconsistent provisions in Enumclaw's omnibus clause and obligate Enumclaw to provide primary coverage; and (2) State Farm and the Hills argued that Daniel is an insured under the Enumclaw policy and that he negligently entrusted the Blazer to Cindy. The court held against Enumclaw and the Hambletons on those issues.

Enumclaw asserts three arguments on appeal: (1) The court erred in holding that the term "permissive use" in the Lamb-Weston Agreement includes implied consent and in holding that the agreement supersedes the provision in the Hambletons' policy which requires "express permission;" (2) the court erred in admitting policies of five other insurance companies, because they are irrelevant in determining the meaning of Enumclaw's omnibus clause; and (3), alternatively, even if "permissive driver," as used in the Lamb-Weston Agreement, includes someone with implied permission to drive, the court erred in finding that Daniel gave Cindy implied permission. The Hambletons argue that the court erred in finding that Daniel negligently entrusted the car to Cindy.

■ ■  We need not directly address all of Enumclaw's assignments of error, because we conclude that Cindy was not an "insured" under the Enumclaw policy.[2] The contract that

---

[2] Several defendants contend that Enumclaw failed to preserve for appellate review a challenge to the sufficiency of the evidence on the first and third issues. They assert that Enumclaw failed to move for a judgment of dismissal pursuant to ORCP 54B(2) or to make other "timely equivalent assertion," as required by *Falk v. Amsberry,* 290 Or 839, 626 P2d 362 (1981). Defendants mischaracterize the nature of Enumclaw's contention on the first issue. It is not a challenge to the sufficiency of the evidence; it is an assertion that, regardless of the evidence, it is entitled to prevail as a matter of law.

determines whether Enumclaw must provide coverage is the insurance policy it issued to the Hambletons, which unambiguously states that a non-family member must have "express permission" to use a covered car in order to be an "insured" under the policy. Because the court specifically found that Cindy did not have the express permission of any of the Hambletons to drive the car, its conclusion that she was an "insured" was erroneous as a matter of law. The court apparently concluded that the Lamb-Weston Agreement supersedes the part of the Enumclaw omnibus clause that requires express permission. However, the agreement apportions liability only when two insurers could each be liable. The policy does not provide coverage to a non-family member driving without express permission. Therefore, Enumclaw is not liable, and the Lamb-Weston Agreement is not implicated.[3]

■ The remaining issue on appeal concerns the issue of negligent entrustment by Daniel. The Hambletons argue that the trial court erred in finding that Daniel negligently entrusted the car to Cindy. Several of the defendants contend that the Hambletons did not preserve for appellate review a challenge to the sufficiency of the evidence on that issue. However, in their objection to the court's proposed finding and request for substitution of a finding that Daniel did not negligently entrust the car, the Hambletons adequately apprised the court that they believed the evidence insufficient. Moreover, the objection occurred in time for the court to consider it before making a final decision. It, therefore, was sufficient under *Falk v. Amsberry, supra* n 2.

■ Because the court found against the Hambletons on the issue of negligent entrustment, our scope of review is limited to whether there is substantial evidence to support the court's findings. We view the evidence and the inferences that can reasonably be drawn from it in the light most favorable to cross-respondents. *Litvin v. Engesether,* 67 Or App 240, 678 P2d 1232 (1984). On the basis of that review of the evidence, we cannot say that the court erred. Even though Daniel gave

---

[3] Enumclaw's second contention is that the court erred in admitting the omnibus clauses of other insurance companies' policies to determine the meaning of its omnibus clause. It is not necessary to address the issue, because the material was offered to explain the meaning of the term "permissive driver" in the Lamb-Weston Agreement, not the meaning of Enumclaw's omnibus clause.

Cindy the keys only for limited purposes—running the heater and listening to the radio—shortly before the day of the accident and under similar circumstances, she had asked him if he would have minded if she had moved the car across the parking lot. He replied no. He also had, on several occasions, encouraged and allowed her to drive his vehicles. In addition, Daniel knew that Cindy was only 14 years old and unable to obtain a driver's license. He also knew that she had limited driving experience. Those facts support the court's finding that it should have been foreseeable to Daniel that she would take the car on public roads and might drive negligently. The court's finding of negligent entrustment is affirmed.

Reversed and remanded on appeal; affirmed on cross-appeal.