Allen WILKES,
dba S.A.W. Construction,
*Appellant - Cross-Respondent,*

*v.*

Dennis ZURLINDEN
and Sharie Zurlinden,
husband and wife,
*Respondents - Cross-Appellants.*

(93-3620-L-3; CA A91278 (Control))

Allen WILKES
and Shirley Wilkes,
dba S.A.W. Construction,
*Petitioners,*

*v.*

CONSTRUCTION CONTRACTORS BOARD;
Dennis Zurlinden and Sharie Zurlinden,
*Respondents.*

(Agency No. 17988-101; CA A91800)
(Cases Consolidated)

962 P2d 569

Matthew Sutton, Douglas J. Richmond and Kellington, Krack, Richmond, Blackhurst & Sutton for appellant - cross-respondent and petitioners.

John R. Huttl and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore for respondents - cross-appellants and respondents Zurlinden.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, for respondent Construction Contractors Board.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

In a consolidated appeal and petition for judicial review, plaintiff challenges an award of attorney fees to defendants in a judgment of the circuit court and an order of the Construction Contractors Board (CCB). Plaintiff brought an action for breach of contract against defendants, who counterclaimed, alleging breach of contract and negligence. The trial court found that defendants had not breached their contract with plaintiff and that defendants were not damaged by plaintiff's breach of contract. The court held "in favor of defendants and against the plaintiff on plaintiff's claim and in favor of the plaintiff and against the defendants on their counterclaim." Pursuant to ORS 20.096,[1] the trial court awarded defendants $7,500 in attorney fees. Consequently, the CCB entered a final order awarding defendants the same $7,500 in fees. *See* ORS 701.145. We originally reversed the judgment of the trial court and the final order of the CCB as to the attorney fees, concluding that "neither party [had] prevailed for the purpose of awarding attorney fees." *Wilkes v. Zurlinden*, 146 Or App 371, 377, 932 P2d 584 (1997). The Supreme Court vacated our decision and remanded for further consideration in the light of *Anderson v. Jensen Racing, Inc.*, 324 Or 570, 931 P2d 763 (1997), and *Domingo v. Anderson*, 325 Or 385, 938 P2d 206 (1997).

Neither of the cases cited by the Supreme Court in its remand order affects this case. In *Anderson v. Jensen Racing, Inc.*, the trial court refused to award attorney fees to the plaintiffs even though the plaintiffs had prevailed on some of their claims. We affirmed and the Supreme Court reversed, holding that, because final judgment would be rendered in

---

[1] ORS 20.096 provides, in part:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether the party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"* * * * *

"(5) Except as provided in ORS 20.015, as used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

favor of the plaintiffs for "some amount," the plaintiffs were prevailing parties who were entitled to reasonable attorney fees under the parties' contract. 324 Or at 580. In this case, there was no final judgment favoring either party, so neither party can be said to have prevailed. *Domingo v. Anderson* has no application to this case either. The sole issue in that case was whether a prevailing party was entitled to recover attorney fees when a third party had paid the prevailing party's attorneys to litigate the case, an issue not presented by this case. Consequently, we adhere to our original decision as supplemented by this opinion.

Reversed on appeal and on petition for judicial review; affirmed on cross-appeal.