Argued and submitted September 23; resubmitted en banc December 11, 2002,
affirmed February 19, 2003

· SHARON L. PEIFFER,
*Appellant,*

*v.*

Sonia E. HOYT,
Superintendent,
Oregon Women's Correctional Facility,
*Respondent.*

99C-18990; A115146

63 P3d 1273

Sara Dean Cromwell argued the cause for appellant. On the brief was Melinda M. Buel.

Kathleen Cegla, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Deits, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Kistler, and Brewer, Judges.

KISTLER, J.

Wollheim, J., concurring.

**KISTLER, J.**

Petitioner appeals from a judgment dismissing her amended petition for post-conviction relief. She argues that the post-conviction court should have found that her trial attorney was constitutionally inadequate for failing to file a motion to suppress. We affirm.

While petitioner was staying at Gregory McLean's home, police officers searched his home pursuant to a warrant. Among other things, the warrant authorized the officers to search for amphetamine, evidence of sales and distribution of amphetamine, documents that tended to show the source of the amphetamine, documents that tended to show ownership or control over the amphetamine, and documents that tended to show the true identity of persons present at or residing in McLean's house.

Petitioner was present when the officers executed the warrant. The officers asked petitioner for identification, which she stated was in her wallet on the floor. An officer retrieved the wallet and located a driver's license. The license had petitioner's photograph on it and a name that petitioner stated was hers. During this search for petitioner's identification, the officers also located three photographs of petitioner standing in front of a background that is similar to that used for driver's license photographs. The officers examined petitioner's identification and discovered that someone had tampered with the license; specifically, the officers suspected that the photograph had been altered. When questioned, petitioner admitted that the license and many of the other documents in her wallet were forged or stolen.

During a more extensive search of the house, the officers found counterfeit checks and birth certificates, which were located in folders on a desk; spray adhesive that is used to manufacture false identification; and other stolen and altered identification. The post-conviction record does not disclose whether the folders containing the counterfeit checks and birth certificates were open or closed when the officers first found them. The record also does not disclose, if the folders were closed, which one of the officers first opened them or why that officer did so; that is, the record does not

disclose whether the officer who first opened the folders, if they were closed, did so to look for the kinds of documents for which the warrant authorized him or her to search.

The state indicted petitioner for two counts of attempted theft, two counts of forgery, and three counts of possessing a forged instrument. Petitioner's trial counsel did not move to suppress the evidence of forgery that the officers found when they executed the warrant. That evidence was admitted in petitioner's criminal trial, and she was convicted of all seven counts.

Petitioner filed a petition for post-conviction relief. In her amended petition, she alleged that her trial counsel "failed to file a motion to suppress the evidence which was seized illegally from [petitioner] and which, if such motion had been filed, would have changed the outcome of [petitioner's] case." After considering the evidence, the post-conviction court issued the following findings of fact and conclusions of law:

### "FINDINGS OF FACT

"1. Petitioner received adequate assistance of counsel.

"2. Petitioner failed to prove counsel ineffective for not filing a motion to suppress. Such a motion would have been denied.

### "CONCLUSIONS OF LAW

"1. Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 446 U.S. 668 (1984), or the Constitution of the State of Oregon.

"2. Petitioner did not prove any of her claims by a preponderance of the evidence."

Based on those findings and conclusions, the post-conviction court entered judgment against petitioner.

■ To prevail on her post-conviction claim, the burden was on petitioner to prove, "by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). As we understand petitioner's argument, both the first and second prongs of her inadequate assistance claim rest on the same factual premise. Petitioner contends that the officers who executed the warrant opened the folders on the desk in McLean's house to search for evidence of forgery. According to petitioner, they did not open the folders to search for evidence of drugs or for any other evidence for which the warrant authorized them to search. It follows, petitioner concludes, that the officers' search exceeded the scope of the warrant and that reasonable counsel would have filed a motion to suppress the evidence that the officers illegally discovered. Petitioner also argues that the admission of the illegally obtained evidence could have affected the trial court's decision that she was guilty of forgery.

Defendant responds that "the police officers were in a lawful vantage point and were searching within the parameters of the search warrant when they found the documents that ultimately were used to convict petitioner." As we understand defendant's argument, it turns on the proposition that some of the evidence of forgery was in plain view and that, to the extent that the officers opened the folders and discovered other evidence of forgery, they did so because they were looking for documents for which the warrant authorized them to search.[1] Defendant reasons that, because the officers were acting within the scope of the warrant, either petitioner's trial counsel reasonably decided not to file a motion to suppress or petitioner suffered no prejudice as a result.[2]

_____

[1] As noted, the warrant authorized the officers to search for "[d]ocuments tending to show ownership and/or control over said amphetamine," "[d]ocuments which tend to show the source of said amphetamine," and "[d]ocuments which tend to show the true identity of persons present and/or residing at said [r]esidence."

[2] Petitioner raises a second argument on appeal. Noting that the officers searched her, she argues, for the first time on appeal, that trial counsel should have filed a motion to suppress the evidence they found on her. She reasons that her "name does not appear in the warrant, so a search of her person [wa]s not authorized under *State v. [Myers]*," 55 Or App 370, 637 P2d 1360 (1981). The short answer

As the parties frame the issue on appeal, petitioner's inadequate assistance claim rests on the following factual premise: The folders were closed when the officers first came upon them, and the officers did not open the folders to look for anything for which the warrant authorized them to search; rather, they opened them to look for evidence of forgery. The post-conviction court did not find that petitioner had proved, by a preponderance of the evidence, the factual premise upon which her inadequate assistance claim depends. Rather, it found precisely the opposite. It follows that, for us to hold on appeal that the post-conviction court erred in not granting petitioner relief, petitioner must convince us that the evidence before the post-conviction court permitted only one reasonable conclusion—*i.e.*, that the folders were closed when the officers first found them and that the officers opened the folders to look for evidence of forgery.[3] Before turning to that issue, we note a threshold question that the Supreme Court has instructed us to consider in every case: Has petitioner preserved the error that she seeks to raise on appeal? *State v. Wyatt*, 331 Or 335, 346, 15 P3d 22 (2000).[4]

On that point, we note that petitioner filed a trial memorandum in the post-conviction court. She did not argue in her memorandum that the evidence before the court permitted only one reasonable conclusion, nor did she make a separate motion to withdraw the factual issue from the factfinder because only one reasonable conclusion was permissible. *See Bend Tarp and Liner, Inc. v. Bundy*, 154 Or App 372,

---

to petitioner's second argument is that she failed to preserve that issue below. She did not argue below that her trial counsel should have filed a motion to suppress because the officers lacked authority to search her. She argued only that counsel should have filed a motion to suppress because the warrant did not authorize the officers to open the folders they found in the house.

[3] We note that the claim that petitioner makes on appeal is not, as the concurrence characterizes it, that her evidence was sufficient to go to the trier of fact. *See* 186 Or App at 500, 503 (Wollheim, J., concurring). Rather, her claim is that the trier of fact was required to find, as a matter of law, in her favor on this factual issue.

[4] Under *Wyatt*, we are required to consider preservation even though, as in this case, defendant did not raise it. Relying on *Hendrix v. McKee*, 281 Or 123, 575 P2d 134 (1978), the concurrence reasons that we should not establish new rules of preservation when the parties have not raised the issue. 186 Or App at 499 (Wollheim, J., concurring). *Wyatt*, however, comes after *Hendrix* and holds that we may not consider an issue that was not preserved. *See* 331 Or at 345-46. Beyond that, as explained below, the preservation rule that we reaffirm today is not new.

376, 961 P2d 857, *rev den*, 327 Or 484 (1998) (rejecting the plaintiff's appellate claim that it was entitled to prevail as a matter of law because it had failed to "ask the trial court to withdraw the claim or issue from the factfinder"); *Wilkes v. Zurlinden*, 146 Or App 371, 378, 932 P2d 584, *vac'd on other grounds*, 325 Or 489, 940 P2d 518 (1997), *adh'd to on remand*, 152 Or App 130, 952 P2d 569 (1998), *rev'd in part on other grounds*, 328 Or 626, 984 P2d 261 (1999) (same). Finally, after the post-conviction court issued its findings of fact and conclusions of law, petitioner did not object to the post-conviction court's factual findings on the ground that the evidence required the court, as a matter of law, to find the facts differently. *See Mutual of Enumclaw Insurance Co. v. Hambleton*, 84 Or App 343, 348, 733 P2d 948, *rev den*, 303 Or 534 (1987) (recognizing that such an objection would have preserved the issue for appellate review). Although petitioner urged the post-conviction court to find the facts in her favor, she never told the court that it was required to do so as a matter of law. The factual argument that petitioner made below failed to preserve the legal issue that she seeks to raise on review. *Cf. State v. Lovins*, 177 Or App 534, 537, 33 P3d 1060 (2001).[5]

Ordinarily, that would be the end of this case. However, a footnote in one of our cases stands for the proposition

---

[5] We explained in the context of a criminal case tried to the court the distinction between a motion for a judgment of acquittal and a factual argument to the trier of fact:

"The issue on a motion for judgment of acquittal is legal: whether there is evidence that would permit the trier of fact to find defendant guilty. The issue on a closing argument is factual: whether the trier of fact should, in fact, be convinced of defendant's guilt beyond a reasonable doubt. It is not unusual for a trier of fact to acquit a defendant after the court has denied a motion for judgment of acquittal."

*Lovins*, 177 Or App at 537. Similarly, there is a difference between arguing to the court that a petitioner in a post-conviction case should prevail on the facts and arguing, as a matter of law, that the court is required to find that the petitioner prevails. The former is a factual argument; the latter presents a question of law. The concurrence reasons that, because petitioner made a factual argument that the post-conviction court should rule in her favor, she preserved the claim that the court was required to rule in her favor as a matter of law. *See* 186 Or App at 502-03 (Wollheim, J., concurring). In every other context, we and the Supreme Court have recognized that the former argument is not sufficient to preserve the latter claim. There is no principled reason why that settled distinction should not apply equally here.

that a plaintiff in a civil case tried to the court may argue on appeal that he or she was entitled to prevail as a matter of law without having preserved that issue below. *See Millsap v. Eugene Care Center*, 68 Or App 223, 228 n 4, 682 P2d 795, *rev den*, 297 Or 547 (1984). The footnote in *Millsap* is squarely inconsistent with, at a minimum, our holdings in *Bend Tarp and Liner, Inc.*, and *Wilkes*, and it is necessary for us to determine which of those precedents should prevail. We begin by putting the issue in context.

In jury cases, the Oregon Supreme Court has long held that a party may not argue on appeal that the facts permit only one reasonable conclusion unless he or she moved for a directed verdict below. *See, e.g., Wood Int'l Corp. v. Rose*, 271 Or 103, 105-06, 530 P2d 1245 (1975); *Willis v. Petros*, 225 Or 122, 128, 357 P2d 394 (1960); *Shmit v. Day*, 27 Or 110, 116-17, 39 P 870 (1895). The rule applies equally to plaintiffs and defendants, *see id.*, and is based on the longstanding requirement of appellate procedure that "appellate courts will consider those law questions only which by the record appear to have been properly presented to and decided by the trial court," *Shmit*, 27 Or at 116. As the court reasoned in *Shmit*, "the general rule, and one of very comprehensive scope, is that where there is no ruling [below], or no sufficient request to rule, there is no available error." *Id.* at 117. Unless a plaintiff or a defendant argued below that the evidence permitted only one reasonable conclusion, he or she can not raise that issue on appeal.

In 1978, the Supreme Court raised but did not decide whether the same requirement should apply when the case is tried to the court rather than the jury. *Hendrix v. McKee*, 281 Or 123, 125 n 2, 575 P2d 134 (1978). The court observed:

"The appellate process is predicated upon the aggrieved party's establishing an *error* on the part of the trial judge. It is patently unfair to charge such an error without having given the judge the opportunity to avoid it. It is incumbent upon a party who believes he [or she] should prevail on the evidence, *as a matter of law*, to advise the trial court of this belief prior to the submission of the factual issues for resolution. Failure to do so should deprive that party of his [or her] right to test the sufficiency of the evidence upon appeal. Just as is the motion for a directed verdict, this is, in

effect a demurrer to the evidence. The motion where there is no jury might take the form of a motion for judgment as a matter of law."

*Id.* (emphasis in original).

Three years later, in *Falk v. Amsberry*, 290 Or 839, 626 P2d 362 (1981), the court adopted the rule that it had suggested in *McKee*. It "h[e]ld that in civil cases tried to the court without a jury, a litigant may not raise the sufficiency of the plaintiff's evidence on appeal unless he has first asserted the legal insufficiency of the evidence in the trial court." *Falk*, 290 Or at 843. Although the issue in *Falk* arose in the context of a third-party defendant's challenge to the legal sufficiency of the third-party plaintiff's evidence, the court did not limit its rationale to that context. Rather, it based its holding more broadly on the requirement of appellate procedure that a party must preserve an issue below in order to raise it on appeal. *Id.* The court reasoned:

"Our imposition of this requirement in jury-tried cases was a specific application of the general rule of appellate procedure that an appellate court will not consider a question on appeal unless it has been first presented to and ruled upon by the lower court. The rule reflects the function of appellate review to correct errors of the trial court. Under this general rule no error has occurred where no ruling has been made by the court or requested by the litigant."

*Id.* After recognizing that a party was required to preserve the issue below, the court observed that "there are procedures available whereby a litigant can test the sufficiency of the evidence and preserve the error, if any, for appeal." *Id.* at 844. It noted, in *dictum*, that newly adopted ORCP 54 B(2) provided one means by which defendants in future cases could test the sufficiency of a plaintiff's evidence.[6] *Id.* at 844-45. The rules of procedure for trial courts thus provided a means for effectuating the "general rule of appellate procedure that an appellate court will not consider a question on appeal unless it has been first presented to and ruled upon by the lower court." *Id.* at 843.

---

[6] Because the trial in *Falk* occurred before the effective date of the rules of civil procedure, *see* 290 Or at 844, the court's reference to ORCP 54 B(2) was *dictum*.

Three years later, we stated, in a footnote, that the party with the burden of proof in a civil case tried to the court need not "test by motion the sufficiency of [the] evidence so as to preserve the issue for appellate review." *Millsap*, 68 Or App at 228 n 4. We explained that, because the holding in *Falk* "reflect[ed] an interpretation of ORCP 54B(2)," it was limited to situations in which the defendant sought to test the sufficiency of the plaintiff's evidence. *Id.* As we interpreted *Falk* in *Millsap*, it produced an unequal result. In a case tried to the court, plaintiffs could argue on appeal that the evidence permitted only one reasonable conclusion without having raised that issue below, but defendants could not.

We have neither cited nor followed the footnote in *Millsap* in the 19 years since that case was decided. Rather, we have recognized that the rule in *Falk* applies equally to both plaintiffs and defendants. *See Bend Tarp and Liner, Inc.*, 154 Or App at 376; *Wilkes*, 146 Or App at 378;[7] *Stromme v. Nasburg and Co.*, 80 Or App 26, 721 P2d 847, *rev den*, 302 Or 35 (1986). As we recently explained in *Bend Tarp and Liner, Inc.*:

> "A party that contends that it is entitled to prevail on a claim or issue as a matter of law must ask the trial court to withdraw the claim or issue from the factfinder, whether the case is tried to a jury or to the court. [*Wilkes*, 146 Or App at 378]. If, as plaintiff now contends, the uncontroverted evidence establishes that defendant benefitted from plaintiff's labor and materials, plaintiff should have sought a decision as a matter of law on its right to recover in *quantum meruit* and to receive an offset of any award of damages to defendant."

154 Or App at 376 (footnote omitted).[8] The holding in *Bend Tarp and Liner, Inc.*, cannot be squared with the footnote in

---

[7] In *Wilkes*, the counterclaim plaintiffs argued on cross-appeal that the trial court was required to find in their favor on their counterclaim. Citing *Falk*, we held that they had failed to preserve that issue "because they did not move to withdraw from the factfinder the issue whether they were damaged by the Wilkes' breach." 146 Or App at 378. The concurrence discounts *Wilkes*, saying that our decision "was vacated, and its reasoning has never been readopted in the present context." 186 Or App at 502 (Wollheim, J., concurring). That is not correct. After the Supreme Court vacated our opinion, we adhered to it on remand, including our disposition of the cross-appeal, 152 Or App at 134, and the Supreme Court did not disturb our disposition of the cross-appeal on review, *see* 328 Or at 634.

[8] In *Bend Tarp and Liner, Inc.*, the trial court had ruled against the plaintiff on its *quantum meruit* claim and had ruled for the defendants on their counterclaim.

*Millsap*, on which the concurrence primarily relies. Having considered the reasoning in the two opinions, we overrule the footnote in *Millsap* and reaffirm our reasoning in *Bend Tarp and Liner, Inc.* We do so for two reasons.

First, our footnote in *Millsap* is based on the proposition that *Falk* "reflects an interpretation of ORCP 54B(2)." *Millsap*, 68 Or App at 228 n 4. The Supreme Court, however, did not hold in *Falk* that ORCP 54 B(2) is the source of a litigant's obligation to preserve an issue for appellate review. Rather, it held that the source of that obligation was "the general rule of appellate procedure that an appellate court will not consider a question on appeal unless it has first been presented to and ruled upon by the lower court." *Falk*, 290 Or at 843. That requirement applies equally to plaintiffs and defendants. Although the court referred to ORCP 54 B(2), it did so only as one means by which a defendant could preserve the issue at trial. A plaintiff has ample means to preserve his or her claim below that the evidence permits only one reasonable conclusion. *See Bend Tarp and Liner, Inc.*, 154 Or App at 376 n 2; *Wilkes*, 146 Or App at 378; *Mutual of Enumclaw Insurance Co.*, 84 Or App at 348. We erred in *Millsap* when we converted the means for preserving an issue for appellate review into the source of the obligation to do so. They are two separate concepts. *See Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 359-60, 788 P2d 428 (1990), *overruled on other grounds by Shoup v. Wal-Mart Stores, Inc.*, 335 Or 164, 61 P3d 928 (2003).[9]

---

154 Or App at 375. In its first assignment of error, the plaintiff argued that it was entitled to prevail as a matter of law on its *quantum meruit* claim. *Id.* In its second assignment of error, the plaintiff argued that the defendant was not entitled to prevail as a matter of law on its counterclaim. *Id.* We held that the plaintiff had failed to preserve both assignments of error for the reasons quoted above. *Id.* at 376.

[9] In *Whinston*, the defendant in a jury trial could not move for a directed verdict because its motion was aimed only at particular specifications of negligence. In explaining how the defendant could preserve the issue in the trial court, the Supreme Court distinguished between the obligation to preserve the issue, which derived from a general rule of appellate procedure, and the various procedural means that a party could use to effectuate that requirement. The court explained:

"To avail oneself of the *Pavlik* [*v. Albertson's, Inc.*, 253 Or 370, 454 P2d 852 (1969)] rule, a party must have taken some action at trial to remove the unsupported allegation from the jury's purview. The rationale for this proposition is 'the general rule of appellate procedure that an appellate court will not consider a question on appeal unless it has been first presented to and ruled upon by the lower court.' *Falk*, [290 Or at 843]. The preferred method to raise the

Second, our reasoning in *Millsap* was unnecessary to the result that we reached in our footnote. Our footnote in *Millsap* addressed the plaintiff's argument that the defendant had failed to preserve its claim that it was entitled to prevail on its affirmative defense as a matter of law. The issue, however, raised by the defendant's affirmative defense was equitable and, as we held in the text, "our review of the evidence [on that issue was] *de novo*." 68 Or App at 228. As we recognized one year later in *Cascade International Investment Co. v. Keene*, 75 Or App 438, 443, 707 P2d 610 (1985), *adh'd to on recons*, 77 Or App 569, 713 P2d 625, *rev den*, 302 Or 159 (1986), there was a better answer to the plaintiff's preservation argument.[10] On *de novo* review, a party may argue on appeal that the trial court resolved the facts incorrectly as long as he or she made that argument below. *See id.* The defendant in *Millsap* had preserved its argument that it should prevail on its affirmative defense merely by making that argument below. *See Cascade International Investment Co.*, 75 Or App at 443. There was no need for us to say anything more when faced with the plaintiff's preservation argument in *Millsap*. *See Cascade International Investment Co.*, 75 Or App at 443.[11]

issue is a 'proper request for a suitable peremptory instruction to the jury on each of the elements [or allegations] on which the claimant believes it is entitled to prevail as a matter of law.' *NW Pac. Indem. v. Junction City Water Dist.*, 296 Or 365, 372 n 1, 677 P2d 671 (1984). We assume that the common practice of a motion to withdraw issues from the jury's consideration (*Dickson v. Hollinger*, 257 Or 89, 93, 476 P2d 557 (1970)) has survived the enactment of the Oregon Rules of Civil Procedure as another effective means of raising the issue to the trial court."

*Whinston*, 309 Or at 359-60.

[10] The defendants in *Cascade International Investment Co.* made the same preservation argument that the plaintiff had in *Millsap. See Cascade International Investment Co.*, 75 Or App at 442-43.

[11] The concurrence seeks to justify the rule in *Millsap* on the theory that *Falk* and this case present different issues. *See* 186 Or App at 500-01 (Wollheim, J., concurring). This case, however, does not differ from *Falk* in any material respect. *Falk* involved a third-party defendant who sought to argue on appeal that he was entitled to prevail as a matter of law, and this case involves a petitioner who seeks to argue on appeal that she is entitled to prevail as a matter of law. Although the roles of the two parties differ, the legal question in each case is identical: In a case tried to the court, must a party who wants to claim on appeal that he or she is entitled to prevail as a matter of law preserve that claim below? To be sure, plaintiffs and defendants will cast this issue differently. A defendant will argue that no reasonable trier of fact could find that the plaintiff had proved its case, and a plaintiff will argue that no reasonable trier of fact could find that it had not proved its

■ We accordingly overrule our footnote in *Millsap* and reaffirm our decision in *Bend Tarp and Liner, Inc.* We also note that, in the absence of some indication otherwise in the post-conviction act, post-conviction trials are subject to the same procedural requirements as other civil trials. *See Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992); *Palmer v. State of Oregon*, 121 Or App 377, 380, 854 P2d 955 (1993), *aff'd in part on other grounds*, 318 Or 352, 867 P2d 1368 (1994). Because nothing in the post-conviction act excuses a party from preserving an issue for appellate review, we hold that neither the petitioner nor the defendant in a post-conviction case can argue on appeal that the trial court erred in resolving the facts unless he or she told the trial court that the evidence required, as a matter of law, a different conclusion.[12] We thus hold litigants in post-conviction cases to the same procedural requirements as litigants in other civil cases tried to the court. If they wish to raise an issue on appeal, they must preserve it below.

We recognize, however, that petitioner could have relied on our decision in *Millsap*, which we overrule today, to conclude that she did not need to preserve her claim that the evidence required the court to reach a different conclusion. In similar circumstances, the court has applied a new procedural rule prospectively only, and we conclude that prospective application is appropriate in this case as well. *See*

---

case. That difference, however, is a function of the respective roles that the two parties play. It provides no logical reason for saying that one must preserve the issue but that the other need not.

[12] Shortly after it decided *Falk*, the Supreme Court explained that the requirement in *Falk* applies when a party is "contending that, *on the evidence*, it is entitled to prevail as a matter of law." *U.S. National Bank v. Fought*, 291 Or 201, 203-04 n 3, 630 P2d 337 (1981) (emphasis in original). It does not apply in a case tried to the court when the party "contends that, *upon the facts* found by the trier of fact, [it] is entitled to recover as a matter of law." *Id.* (emphasis in original). Reading *Falk* and *U.S. National Bank* together, we conclude that *Falk* does not preclude an appellant in a post-conviction case from accepting the facts found, either explicitly or implicitly, by the post-conviction court and arguing from those facts that he or she is entitled to prevail as a matter of law. If, however, the appellant wishes to argue that no reasonable factfinder could have found the facts as the post-conviction court did, then *Falk* requires that he or she must preserve that issue below. As noted above, there are a number of procedural means by which a party can preserve that issue. *Bend Tarp and Liner, Inc.*, 154 Or App at 376 n 2; *Wilkes*, 146 Or App at 378; *Mutual of Enumclaw Insurance Co.*, 84 Or App at 348 (explaining that a party can preserve the issue by raising an appropriate objection to the trial court's proposed factual findings).

*Schlimgen v. May Trucking Co.*, 335 Or 143, 61 P3d 923 (2003); *Peterson v. Temple*, 323 Or 322, 332-33, 918 P2d 413 (1996); *Falk*, 290 Or at 845-47.

It accordingly remains for us to consider the merits of petitioner's claims. As noted, petitioner's inadequate assistance claim turns on the factual proposition that the folders were closed when the officers first found them and that the officers looked through the folders, not to find any evidence for which the warrant authorized them to search, but instead to look for evidence of forgery. The record, however, does not disclose whether the folders were closed when the officers first found them. Similarly, if the folders were closed, the record does not disclose which officer first opened them or whether that officer did so to look for evidence set out in the warrant or for evidence of forgery. Given this record, we cannot say that the post-conviction court was required to find that the officers opened any folders to look for evidence for which the warrant did not authorize them to search.

Affirmed.

**WOLLHEIM, J.,** concurring.

In this post-conviction case, the success of petitioner's inadequate assistance of counsel claim depends on facts underlying the execution of a search warrant. The majority holds that, because petitioner failed to tell the post-conviction court that it was required to find the facts in her favor, she may not now raise the sufficiency of her own evidence on appeal. I write separately because in a trial to the court, a party with the burden of proof is not required to raise the sufficiency of its own evidence as a matter of law in order to raise the issue on appeal. Because I agree with the majority's disposition on the merits of petitioner's post-conviction claim and its prospective application of the rule, I concur.

As an initial matter, I find it ironic that the majority *sua sponte* establishes a new preservation requirement when it was neither raised nor briefed by the parties. The majority, relying on *State v. Wyatt*, 331 Or 335, 346, 15 P3d 22 (2000), claims to reach the issue because we are obligated to consider preservation issues regardless of whether the parties raise

them. However, *Wyatt* involved a run-of-the-mill preservation issue and does not stand for the proposition that we are obligated to create prospective new rules of preservation without the issue being raised.

Contrary to the majority's decision to reach the preservation issue is *Hendrix v. McKee,* 281 Or 123, 575 P2d 134 (1978), which raised but did not decide the issue later resolved in *Falk v. Amsberry*, 290 Or 839, 843-45, 626 P2d 362 (1981). In *Hendrix*, the plaintiff sought damages for breach of contract. In a trial to the court, the defendant successfully raised an affirmative defense that the contract was illegal because it was contrary to public policy. On appeal, the plaintiff asserted that the evidence was insufficient to support the judgment. In a footnote, the *Hendrix* court questioned whether the plaintiff had properly preserved the argument. *Hendrix*, 281 Or at 125 n 2. The answer to that question depended on whether the rule, previously applied in jury trials, that a party could not complain on appeal about the insufficiency of evidence against it unless it had made a proper motion at trial, should be applied to trials to the court as well. The court refrained from answering that question because "[t]his extension of the general rule * * * does not comport with present practice, and defendant has not raised the issue; therefore, we need not yet decide it." *Id.* Similarly to the situation in *Hendrix*, in this case, the majority's extension of the rule from *Falk* does not comport with general practice and defendant has not raised the issue. Therefore, I do not believe that the issue is properly before this court.

Turning to the merits of the new preservation requirement, the majority's approach reflects a fundamental misunderstanding of preservation of error, as well as of the functions of ORCP 54 B(2)[1] and ORCP 60.[2] The cases on

---

[1] ORCP 54 B(2) provides, in part:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant * * * may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence."

[2] ORCP 60 provides, in part:

"Any party may move for a directed verdict at the close of the evidence offered by an opponent or at the close of all the evidence. * * * The order of the

which the majority relies stand for the unremarkable proposition that, if a party wishes to argue on appeal that it was entitled to judgment as a matter of law because the party with the burden of proof failed to prove an element of its claim, then it must move for a judgment of dismissal or for a directed verdict in the trial court in order to preserve the issue for appeal. The essential feature of this rule is that it concerns the proper disposition of an entire *claim.* "A motion for a directed verdict is not the proper vehicle for asking the trial court to decide as a matter of law that the movant is entitled to prevail on less than all of the elements of a claim." *NW Pac. Indem. v. Junction City Water Dist.*, 296 Or 365, 372 n 1, 677 P2d 671 (1984). It goes without saying that the same is true of a motion for judgment of dismissal.

Nonetheless, the majority expands the basic, unremarkable proposition set forth above to create a "preservation" requirement that the party *with* the burden of proof must move for something akin to a directed verdict in order to preserve an argument concerning the trial court's evaluation of the sufficiency of any aspect of the evidence in support of a claim. That simply is not the case. The rule from *Falk*, as the majority acknowledges, concerns the legal *insufficiency* of the opposing party's evidence, not the *sufficiency* of a party's own evidence. 186 Or App at 494. Plaintiffs and defendants simply are not interchangeable in these circumstances. While our limited scope of review in certain types of cases, including post-conviction, makes it highly unlikely that a plaintiff will *prevail* on a "sufficiency of the evidence" argument on appeal, that is because of our limited review: A plaintiff should not be subjected to an artificial procedural hoop to jump through— one that is not based on any rule of civil procedure—in order to preserve such a question for appellate review.

In *Millsap v. Eugene Care Center*, 68 Or App 223, 228 n 4, 682 P2d 795, *rev den*, 297 Or 547 (1984), we rejected the notion that *Falk* had any application in this context and explained that the party with the burden of proof is not

---

court granting a motion for a directed verdict is effective without any assent of the jury. If a motion for directed verdict is made by the party against whom the claim is asserted, the court may, at its discretion, give a judgment of dismissal without prejudice under Rule 54 rather than direct a verdict."

required to test the sufficiency of its own evidence so as to preserve the issue for appellate review.

The plaintiff's claim in *Millsap* was for reinstatement. The defendants raised the defense of impossibility. The plaintiff prevailed at trial and, on appeal, argued that, "because defendants failed to move for a directed verdict in the trial court on the issue of the sufficiency of the evidence regarding [its] ability to reinstate the plaintiff, the issue is not properly before this court." *Id.* at 228. We rejected the plaintiff's contention:

> "In support of that contention, [the plaintiff cites] *Brown v. D2S Resources*, 61 Or App 8, 656 P2d 946, *rev den* 294 Or 682 (1982), in which we stated that a party in a civil case, whether in law or equity, who has not asserted the legal insufficiency of the evidence in the trial court may not do so. on appeal. 61 Or App at 12. That rule, however, reflects an interpretation of ORCP 54 B(2), *see Falk v. Amsberry*, 290 Or 839, 844, 626 P2d 362 (1981), that is inapplicable here. In reference to equity cases, ORCP 54 B(2) replaced *former* ORS 18.210 and *former* ORS 18.220 and is equivalent to the motion for dismissal based on insufficiency of the evidence that the party *without the burden of proof* could make under those provisions. Official Commentary to ORCP 54 B(2) in Oregon Law Institute, 1980, Oregon Civil Procedure Rules, 160 (1979). In this case, impossibility of reinstatement is an affirmative defense; defendants had the burden of proof and presented evidence on that issue. It was not then incumbent upon them to test by motion the sufficiency of that evidence so as to preserve the issue for appellate review."

*Millsap*, 68 Or App at 228 n 4 (emphasis in original). Just as the defendants had the burden of proof on the affirmative defense in *Millsap*, petitioner here has the burden of proof on her claim for relief.[3]

The majority laments that our interpretation of *Falk* in *Millsap* produced an unequal result—that the party with the burden of proof could argue on appeal that the evidence permitted only one conclusion without having raised the

---

[3] While *Millsap* is a case in equity, the opinion explains that the rule requiring a party to challenge the insufficiency of evidence in a court trial is applicable in all civil cases, "whether in law or equity." 68 Or App at 228 n 4.

issue below but the opposing party could not. The reason behind that inequality is provided in *Falk* itself:

> "The reasons for requiring a motion testing the sufficiency of the plaintiff's evidence in a jury trial as a condition for considering the sufficiency of the evidence on appeal apply with equal force in civil actions tried to the court. *Lack of proof of a necessary fact may be overlooked if not brought to the attention of the trial court.* An appropriate motion may allow the trial court to avoid entry of an erroneous judgment if the necessary proof cannot be supplied, thus preventing appeals and retrials on that basis."

*Falk*, 290 Or at 843 (emphasis added). In short, a party asserting such a "lack of proof" argument must make an appropriate motion to bring the matter to the trial court's attention. A party with the burden of proof has no need to do so.

Further, the holding in *Millsap* is more aligned with the general rule of preservation relied on in *Falk* than is the majority's holding in this case. Keeping in mind the basic reason for preservation requirements—to give the trial courts a chance to decide the issue—trial courts are always deciding whether the plaintiff's evidence is sufficient to support her or his claim in a trial to the court. There should be no requirement that the party make the meaningless motion before the trial court evaluates the sufficiency of the evidence. Therefore, I disagree with the majority's decision to overrule *Millsap* and extend the rule from *Falk* to a new context.

The majority asserts that this court came to a conclusion contrary to *Millsap* in *Wilkes v. Zurlinden*, 146 Or App 371, 378, 932 P2d 584, *vac'd on other grounds*, 325 Or 489, 940 P2d 518 (1997), *adh'd to on remand*, 152 Or App 130, 952 P2d 569, *rev'd in part on other grounds*, 328 Or 596 (1999). However, that case was vacated, and its reasoning has never been readopted in the present context, *i.e.*, requiring the party with the burden of proof to test the sufficiency of its own evidence in a trial to the court. *Wilkes* was cited in *Bend Tarp and Liner, Inc. v. Bundy*, 154 Or App 372, 961 P2d 857, *rev den*, 327 Or 484 (1998). However, in *Bend Tarp and Liner, Inc.*, the defendant prevailed on its counterclaim in a breach of contract action and, on appeal, the plaintiff alleged

that the evidence was insufficient. The plaintiff had failed to preserve the issue because it had failed to challenge the sufficiency of the *opposing* party's evidence on the counterclaim evidence at trial. That holding is in accord with the holding in *Falk*. To whatever extent *Wilkes* and *Bend Tarp and Liner, Inc.* conflict with *Millsap, Millsap* is more aligned with *Falk*.

For the above reasons, requiring a party seeking relief to test the sufficiency of its own evidence in a trial to the court is inconsistent with the general principles of preservation relied upon in *Falk* as well as with this court's decision in *Millsap*. While petitioners or plaintiffs may lose appeals on this type of sufficiency of the evidence challenge, it is because of our limited standard of review and not because of any preservation principles.

I agree with the majority that this newly discovered rule of preservation should at the very least be applied prospectively. Finally, I agree with the majority's disposition on the merits of the post-conviction claim. Let me repeat my disagreement with the majority: In a trial to the court, a party with the burden of proof on a claim is not required to make a motion to test the sufficiency of its own evidence.